WILLIAM F. MARSH, Appellant, v. SOL L. KAYE, Individually and as Receiver of the LADIES' DEBORAH NURSERY AND CHILD'S PROTECTORY, et al., Respondents, Impleaded with Others.

1. CHARITABLE CORPORATION — LIABILITY OF DIRECTORS FOR DEBTS. The character of the liability for corporate debts, payable within a year, imposed upon directors of a charitable corporation organized under chapter 319 of the Laws of 1848 and continued under the Membership Corporations Law (L. 1895, ch. 559, § 11), where execution against the corporation has first been returned unsatisfied, is essentially the same as that of stockholders, under the various statutes regulating the incorporation of corporations, differing from the latter only in degree.

2. EQUITABLE ACTION TO ENFORCE LIABILITY NOT MAINTAINABLE. While an action in equity to enforce the personal liability of the directors may be maintained on behalf of all the creditors, where such liability is limited in amount and the fund to accrue therefrom is inadequate to satisfy all the claims against the corporation, it cannot be maintained where the only thing to be reached is the personal liability of the directors, which is absolute and unlimited, and in no sense constitutes a fund to be protected or preserved for the creditors, or to be distributed among them, since an adequate remedy at law exists.

3. MULTIPLICITY OF SUITS. Nor can such an action be maintained by one creditor on behalf of himself and all others against the receiver and all the directors on the theory that the corporation being insolvent and in the hands of a permanent receiver, multiplicity of suits is thereby prevented.

*Marsh* v. *Kaye*, 44 App. Div. 68, affirmed.

(Argued June 14, 1901; decided October 1, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 12, 1899, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinions.

*Henry D. Hotchkiss* for appellant. The liability of the directors is not penal, but contractual in its nature. (*Rogers*

v. *Decker*, 131 N. Y. 490; *Nat. Bank* v. *Dillingham*, 147 N.
Y. 603.) This action is maintainable on the theory of pre-
venting a multiplicity of suits. (*Story* v. *Furman*, 25 N. Y.
214; *Weeks* v. *Love*, 50 N. Y. 568; *Muthez* v. *Neidig*, 72 N.
Y. 100; *Pfohl* v. *Simpson*, 50 How. Pr. 341; 74 N. Y. 137;
*Bauer* v. *Platt*, 72 Hun, 326; *U. G. Co.* v. *Vary*, 79 Hun,
103; 152 N. Y. 121; *Bagley & Sewall Co.* v. *Ehrlicher*, 8
App. Div. 581; *Cochran* v. *A. O. Co.*, 20 Abb. [N. C.] 114;
*Koons* v. *Martin*, 143 N. Y. 672.) The receiver appeared and
answered generally, without objection. The failure to obtain·
leave to sue was not jurisdictional; the objection was open to
a plea in abatement, and was waived by appearance and
answer. (*Hackley* v. *Draper*, 4 T. & C. 614; 60 N. Y. 88;
*Hubbell* v. *Dana*, 9 How. Pr. 424; *Jay's Case*, 6 Abb. Pr.
293; *Knower* v. *Reynolds*, 19 Wkly. Dig. 383.) The only
object in joining the receiver as a party was to obtain an
accounting and an equitable distribution of any assets in his
hands, to the end that the directors might be held only for the
deficit of assets, and that the entire controversy might be set-
tled in this suit. (*Hirshfeld* v. *Fitzgerald*, 157 N. Y. 184;
*Jacquelin* v. *M. J. Assn.*, 39 App. Div. 515.) Plaintiff's
failure to obtain judgment and execution against the company
was fully excused. (*Hunting* v. *Blum*, 143 N. Y. 511;
*Hirshfeld* v. *Bopp*, 27 App. Div. 180; 145 N. Y. 84.)

*Harold Nathan* for Nathan Hutkoff, respondent. The
liability of directors of a membership corporation for the
debts of the corporation, under the statute, is a primary and
original liability, enforceable in an action at law, and no such
secondary or limited liability exists as authorizes a resort to
equity. (L. 1895, ch. 559, § 11; L. 1896, ch. 542; *Rogers* v.
*Decker*, 131 N. Y. 490; 62 Hun, 15; *Corning* v. *McCul-
lough*, 1 N. Y. 47; *Queenan* v. *Palmer*, 117 Ill. 619; *O'Brien*
v. *Fitzgerald*, 143 N. Y. 377.) The allegation in the com-
plaint with respect to a multiplicity of suits is insufficient to
support this action. (*O'Brien* v. *Fitzgerald*, 6 App. Div.
509; *E. S. S. Bank* v. *Beard*, 151 N. Y. 638; *Dykman* v.

*Keeney*, 154 N. Y. 483; *Dodd* v. *City of Hartford*, 25 Conn. 232; *Wilkerson* v. *Walters*, 1 Ida. 564; *Youngblood* v. *Sexton*, 32 Mich. 406; *Merrill* v. *Lake*, 46 Am. Dec. 377; *Howell* v. *City of Buffalo*, 2 Abb. Ct. App. Dec. 412; *Town of Venice* v. *Woodruff*, 62 N. Y. 462; *Fellows* v. *Spaulding*, 141 Mass. 89.) The plaintiff has an adequate remedy at law, and, therefore, the discretion of the Supreme Court in refusing equitable intervention merely to avoid a multiplicity of suits at law, cannot be reviewed by this court. (*Dunckel* v. *Dunckel*, 141 N. Y. 427; *N. & N. B. Hosiery Co.* v. *Arnold*, 143 N. Y. 265; *Wormser* v. *Brown*, 149 N. Y. 163.) The court properly dismissed the complaint instead of retaining the action for the purpose of awarding legal relief. (*Dudley* v. *Congregation T. O. of St. Francis*, 138 N. Y. 451; *Dalton* v. *Vanderveer*, 8 Misc. Rep. 484; *Bockes* v. *Lansing*, 74 N. Y. 437; *Ketchum* v. *Depew*, 81 Hun, 278; *Vincent* v. *Moriarty*, 31 App. Div. 484; *Hawes* v. *Dobbs*, 137 N. Y. 465; *Sherburne* v. *Taft*, 142 N. Y. 619.)

*Samuel Greenbaum* for Rose Herschmann et al., respondents. The complaint does not state a cause of action against the directors of the Ladies' Deborah Nursery and Child's Protectory, because of its omission to show when the debt of the plaintiff's assignor became due. (*Barnes* v. *Wheaton*, 80 Hun, 8; *Austin* v. *Goodrich*, 49 N. Y. 266; *Bartlett* v. *Crozier*, 17 Johns. 457; *Hirshfeld* v. *Bopp*, 145 N. Y. 97; *Hardman* v. *Sage*, 124 N. Y. 35.) The complaint does not affirmatively show that the Ladies' Deborah Nursery and Child's Protectory was not a corporation included within the class excepted by the statute. (*Terry* v. *Little*, 101 U. S. 216; *Rowell* v. *Janvrin*, 151 N. Y. 61; *Wilson Mfg. Co.* v. *Schwind*, 5 Misc. Rep. 205; *Hirshfeld* v. *Bopp*, 145 N. Y. 84; *Griffeth* v. *Green*, 129 N. Y. 517.) The complaint should have been dismissed for the reason that there is a defect of parties defendant. (*Dean* v. *Whiton*, 16 Hun, 203.) This action is not maintainable on the theory of preventing a multiplicity of suits. (*Nat. P. Bank* v. *Goddard*, 131 N. Y. 503.)

CULLEN, J.   I agree with Judge BARTLETT in the view that
the liability of the directors in this action is essentially the same
in character as that of stockholders under various statutes
regulating the incorporation of corporations, differing from the
latter only in degree.   So far as the Appellate Division seems
to have entertained a different opinion, I think that learned
court erred.   But this concession does not lead to the conclu-
sion that the court below erred in its decision.   It cannot be
questioned that under the statute the defendant directors
became personally liable for the debts they contracted on
behalf of the corporation payable within a year, provided that
an execution was first returned unsatisfied against the corpora-
tion, and that this liability can be enforced against them in an
action at law to the same extent and in the same manner as
any debts they may personally have incurred.   The question
is, does an action in equity lie to enforce this liability brought
by one creditor on behalf of himself and all others against
all the directors.   While undoubtedly resort may often be had
to equity to enforce legal obligations, still it is the rule that a
court of law is primarily the proper forum for such litigation,
and that resort to equity can be had only where the remedy
at law is inadequate or will lead to inequitable results.   It is,
therefore, incumbent on the plaintiff to show why an equit-
able action is necessary to secure his rights.   Where the lia-
bility of the stockholders or directors is limited in amount
and the fund to accrue from such liability may be inadequate
to satisfy all the claims against the corporation, an action in
equity on behalf of all the creditors, in which the fund can be
applied ratably on all claims, is absolutely necessary to secure
equality.   The opinion delivered by the present chief judge
of this court (then in the Supreme Court) in *Bauer* v. *Platt*
(72 Hun, 326) discusses this question at length and the deci-
sion in that case proceeded on the ground of the limited lia-
bility of the directors and stockholders.   The case was
unquestionably properly decided.   But it has no application
to the one now before us.   There is no fund to be distributed
among the creditors except such as may proceed from the

conversion of the assets of the corporation. No protection
for those assets is required. The court has already in an
appropriate action appointed a receiver, and the fund will be
distributed in that action, not in this. The only thing to be
reached in this action is the personal liability of the directors,
which is absolute and unlimited. This in no sense constitutes
a fund to be protected or preserved for the creditors or to
be distributed among them. The status of these creditors
of the corporation, and, therefore, creditors of the directors,
does not differ from that of other creditors of the directors
personally. While in a certain broad sense it may be said
that every man's property is a trust fund for the payment of
his debts, no action in equity has ever been maintained by
a creditor at large to seize and administer the estate of
a debtor for the benefit of creditors generally. Bank-
ruptcy proceedings are the only means to attain such an
object. If this action is sustained the court may, doubtless,
restrain proceedings against the directors by the creditors of
the corporation, but surely it cannot enjoin the other credit-
ors of the directors. The defendant directors, if they are of
insufficient responsibility, may, therefore, voluntarily apply
all their property to the payment of other creditors, or, while
this action is progressing, such property may be seized by
those creditors under legal proceedings. Meanwhile creditors
of this class are tied hand and foot. Usually the intervention
of equity is invoked in aid of the creditor. In this case an
equitable action would serve no useful purpose and in no way
aid the creditors on whose behalf it is brought, but, on the
contrary, put them at a marked disadvantage as compared with
other creditors. Nor is the action necessary to protect the
directors. There can be no apportionment of liability between
the directors, for each is liable for all debts, not for his share
of them. An action in equity could be maintained by one
director who had paid obligations of the corporation against
his co-directors for contribution, an action in which there
would be an account taken of all payments made by any of
the parties. No such relief can be granted here, for judg-

ment must go against all the directors for the total amount of the debts.

I have not discussed the question whether this suit can be maintained to prevent a multiplicity of actions, as I think that point is disposed of by the recent decisions of this court in *O'Brien* v. *Fitzgerald* (143 N. Y. 377); *Empire State Savings Bank* v. *Beard* (151 N. Y. 638), and *Dykman* v. *Keeney* (154 N. Y. 483). In those cases it would have been a distinct and manifest advantage to the plaintiff to be able to maintain the action. Yet this court thought the plaintiff must be confined to his remedy at law. Here, as I have shown, the maintenance of the action, instead of being bene- ficial to the creditors, will be palpably injurious to them.

The judgment of the Appellate Division should be affirmed, with costs.

BARTLETT, J. (dissenting). The motion dismissing the com- plaint at the opening of the case was granted on the grounds that the liability of the several directors was primary and only enforceable in an action at law; and that no leave had been obtained to sue the receiver.

This action was brought by a creditor of the Ladies' Deborah Nursery and Childs' Protectory on behalf of himself and others similarly situated against the receiver of the corpora- tion, some seventeen directors and fifty creditors, to enforce the liability of the directors for the debts of the corporation, to distribute the amount recovered among those entitled and for other equitable relief. At the trial the plaintiff moved to amend his complaint by alleging that the receiver was pos- sessed of assets for which he had not accounted; also moved to amend the prayer of the complaint by asking that an accounting be had between the permanent receiver and all the parties to the action. These motions were denied, although some of the answers admitted assets.

The corporation was organized under Laws of 1848 (Chap. 319), providing for the incorporation of benevolent, charitable, scientific and missionary societies. These societies issue no stock.

This statute was substantially repealed by the "Membership Corporations Law" (Laws of 1895, ch. 559), and the latter applies to this case.

Section 11 thereof provides : "The directors of every membership corporation, except a society for the prevention of cruelty to children or animals, shall be jointly and severally liable for any debt of the corporation contracted while they are directors, payable within one year or less from the date it was contracted, if an action for the collection thereof be brought against the corporation within one year after the debt becomes due, and an execution issued therein to the county where its office is, or where a certificate of its incorporation is filed, be returned wholly or partly unsatisfied ; and if the action against the directors to recover the amount unsatisfied be commenced within one year after the return of such execution."

As the receiver appeared and answered in this action it is unnecessary to consider the point that plaintiff had no leave to sue him, the irregularity being waived.

The important question now presented is whether the plaintiff's only remedy against the directors is an action at law. The learned Appellate Division has so decided with a divided court.

The plaintiff's position is that the fact of the directors being jointly and severally liable to an action at law brought by a creditor of the corporation, subject to the restrictions of the statute, is no bar to the present suit, which is claimed to be maintainable, after the insolvency of the corporation and the appointment of a permanent receiver, on the theory of preventing a multiplicity of suits ; also, that the general jurisdiction of equity attaches under the facts pleaded.

As the record discloses seventeen directors, fifty creditors and unknown parties to be brought in as creditors when discovered, it is apparent that if a court of equity can lay hold of the entire subject-matter and adjust the rights of all parties it will avoid a very large number of suits and prevent favored creditors from securing unfair priority from directors in the payment of their claims.

The situation is one peculiarly calling for the intervention of equity unless, as is claimed, the way is barred by principle and authority.

The prevailing opinion of the Appellate Division states the grounds upon which its decision rests, as follows: "Thus when this corporation was organized the primary obligation of all its members, except those who accepted the position of trustees, for debts of the company which would have existed but for the fact of the incorporation, was barred; but the members who became trustees, being excepted by the provisions of the statute which incorporated the company, were not exempted from this primary obligation for the debts of the company created while they were trustees. * * * The relation, therefore, of these directors to a creditor was simply the relation of joint and several debtors from whom the creditor was entitled to recover the amount of his demand by action at law. * * * The distinction between this case and those in which a limited liability is imposed upon stockholders, and where the fund created by such liability is applicable to the payment of all the debts of the corporation, is apparent."

I come, therefore, to the questions as to the nature of the fund which the statutes have created, applicable to the debts of corporations, and the measure of liability and the mode of enforcing it, imposed alike upon directors and stockholders.

The general principles of law governing the present situation are well settled. The policy of the legislature in creating corporations is to continue to a certain extent the common-law liability of partners or joint debtors, under which the members of the corporation would rest if unincorporated and engaged in a joint venture or partnership.

This liability is primary and not statutory, and rests upon the directors and stockholders alike.

The legislature says to all the members of the corporation you shall enjoy certain corporate powers, but as to creditors you remain liable as partners at common law, subject to such limitations as we have placed upon that liability.

As to this liability there is no distinction between the director and the stockholder save in degree. Neither is absolutely divested of his common-law liability, and in the case of each the statute regulates the measure and conditions of his obligation.

The director is liable, usually, for debts contracted while he is in office, and after the remedy against the corporation has been exhausted by judgment and execution returned unsatisfied ; the stockholder under like conditions is liable to creditors to the amount unpaid on his stock and frequently in a further sum equal to the par value of the stock owned by him.

What then is the common fund created for the protection of the creditor in stock corporations ? Manifestly, it is made up of the corporate assets, the liability of stockholders and the liability of trustees or directors as regulated by statute.

Why should there be any difference in principle in dealing with the director and the stockholder ? Why in the one case should the creditor be left to his uncertain and inadequate remedy at law, and in the other afforded the ample protection of a court of equity ?

In the case at bar the complaint discloses the insolvency of the corporation and the appointment of a permanent receiver.

It further alleges that certain creditors had recovered judgments against the corporation and issued executions which were returned unsatisfied, and that other of the creditors had been prevented by injunction from commencing any suit; that many of the creditors had begun, or were about to begin, actions against the directors to enforce their statutory liability and that great multiplicity of suits would follow and loss and expense would result both to creditors and directors.

It is apparent that if the rights of creditors against the directors are to be enforced solely in actions at law that it will result in unfair preferences and multiplicity of suits. This is well illustrated by the reasoning in the opinion of Judge PARKER (now the chief judge of this court) in *Bauer* v. *Platt* (72 Hun, 326).

The charter of the American Loan and Trust Company pro-

vided that every director should be personally liable for the debts incurred by the corporation during his administration to an amount not exceeding $5,000.00.

A creditor of the corporation brought an action in equity against the directors for his own benefit and that of all other creditors, and the complaint was demurred to on the ground that a suit in equity would not lie as the charter gave the creditor an action of debt against the directors. Held, that the action would lie in equity, as a multiplicity of suits would be thereby prevented and the rights and liabilities of all the parties interested would be determined in one suit.

Judge PARKER said, in speaking of the form of the action : " It has for its object the protection of all creditors, not a portion of them. That result might not be effectuated if each creditor should be compelled to resort to an action at law. The liability of each director does not exceed $5,000.00. 'If, then, each director should suffer judgment to go against him by default, the creditors first suing might recover their entire claims, while others less prompt would not receive anything. If the directors should find that the amount of their statutory liability would not equal the deficiency of the company to its creditors, some or all of them might arrange for a preference of creditors, by answering, or demurring in some cases, while suffering default in others."

As to the stockholders the law is well settled that a creditor of the corporation may sue at law or invoke his equitable remedy.

In *Weeks* v. *Love* (50 N. Y. 568, 570, 571) this court held that a single creditor might bring an action at law to enforce the liability of a stockholder under the Manufacturing Act of 1848. (*Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 472; *Garrison* v. *Howe*, 17 N. Y. 458.)

The opinion (p. 571) states as follows as to the remedy in equity : " The personal liability of stockholders, under these acts, may be enforced in an equitable action against all the stockholders. The liability is created for the security of creditors ; and, upon the dissolution or insolvency of the cor-

poration, it may be treated as corporate property; and the court may, in a proper action, provide for taking an account and enforcing the liability of all the stockholders for the benefit of all the creditors entitled to share in the fund collected from the stockholders, in satisfaction of their liability. (*Briggs* v. *Penniman,* 8 Cow. 387; *Mann* v. *Pentz,* 3 N. Y. 415; *Osgood* v. *Laytin,* 5 Abb. [N. S.] 1.)"

In *Mathez* v. *Neidig* (72 N. Y. 100, 105) it was held that the creditor has his election to sue a stockholder at law, or bring his action in equity for an accounting between all the stockholders and all the creditors, so that the rights of each can be ascertained and protected.

In *Pfohl* v. *Simpson* (74 N. Y. 137) a creditor of a bankrupt corporation began a suit in equity to assert his rights against all the stockholders, to restrain separate actions at law, and to adjust the rights of all the parties. Judge Folger said in the course of his opinion: " It is in cases where many persons have claims, and are prosecuting or about to prosecute them at law against one defendant, *or against a class of defendants,* or against a fund, liable in equal degree to all those persons and to others, and thus there arises the fact, or the probability, of a multiplicity of actions, that this jurisdiction of equity attaches. It matters not whether the right of action to so many arises from general principles of law or from particular provisions of Constitution or of statute. If the right exists, and is likely to be used so as to produce the mischief, the jurisdiction of equity arises and attaches." The learned judge also points out that there is no difficulty in segregating the liability of each stockholder so that he shall not be cast in judgment for a greater amount than the law provides.

It is unnecessary to discuss, in detail, the jurisdiction of equity and the numerous cases sustaining it, to settle the affairs of insolvent corporations. (*Matter of Empire City Bank,* 18 N. Y. 199, 210.)

I have thus referred to the rights of creditors against stockholders before considering the liability of directors to creditors

and the remedies of the latter, in order to present the precise question involved in this appeal. While the remedies of stockholders are not here involved, the law governing their rights has an important bearing.

If the corporation defendant was a going concern each creditor would be entitled to prosecute his individual action against any or all the directors until his claim was satisfied, assuming he had complied with statutory requirements.

We have here a very different situation. The corporation is bankrupt and in the hands of a permanent receiver; certain creditors have obtained judgments and issued executions which have been returned unsatisfied; other creditors are prevented by injunction from suing the corporation; still other creditors have begun, or are about to begin actions against the directors severally to enforce the latter's statutory liability.

The question is, can equity, under this state of facts, take jurisdiction and adjust the rights of the directors and creditors in one action, thus preventing the multiplicity of suits and unjust preferences among the creditors? The court below has held that the creditor's remedy at law is adequate and that no possible ground suggests itself for the necessity of such an action as this. One of the learned counsel for the defendants has clearly stated the grounds on which the decision below rests, as follows: "Upon the face of the complaint each of the directors of the Ladies' Deborah Nursery is personally liable to pay the whole of the plaintiff's claim, as well as to pay every other debt of the corporation contracted while he was a director. No accounting is necessary. No fund is to be made up. * * * No one of those forty odd creditors has any interest whatever in the proceedings of any other creditor. There is no joint interest and there is no principle upon which these several creditors or directors can be compelled to litigate all these distinct claims in one omnibus action. There is no rule of law which can deprive either creditors or directors of their constitutional right of trial by jury."

As to the last suggestion, regarding the right of trial by jury, it is enough to say that if equity has jurisdiction of this

case, the defendants have no constitutional right to a trial by jury. (*Matter of Empire City Bank,* 18 N. Y. 199, 210, 211.)

The general argument seems to be that as the common-law liability of a stockholder is limited in amount and that of a director is indefinite, the individual creditor cannot be deprived of his right, notwithstanding the insolvency of the corporation, to pursue each director in a separate action, there being no joint interest and no fund to be made up out of which creditors are to be paid. We have already pointed out that the liability of the director and the stockholder is a common-law, primary liability, differing only in degree.

In *Corning* v. *McCullough* (1 N. Y. 47) it was held that under a charter where stockholders were liable for the debts of the corporation after judgment obtained against it and execution returned unsatisfied, that the stockholders are liable in an original and primary sense, like partners, or members of an unincorporated association, and their liability is not created by the statute of incorporation.

It is, therefore, clear that if there is any difference as to the remedies of a creditor of an insolvent corporation against the stockholders and the directors it cannot be based on the claim that the liability of the one is statutory and the other is primary.

Why, then, should the fact that the stockholders' liability is limited to a certain amount, while that of the directors is indefinite, confer jurisdiction on a court of equity in the former case and deprive it of jurisdiction in the latter?

Why may not the creditor who is stayed by injunction from pursuing his individual action against a stockholder whose measure of liability is sufficient to pay his debt, urge the same objection that is made here that he cannot be deprived of his legal remedy? He is compelled to submit his claim to adjustment in a court of equity, notwithstanding he was on the eve of collecting his debt in full from the stockholder he was pursuing, for the reason that the aggregate amount due from stockholders is a general fund for the benefit of cred-

itors; that equality is equity; that wasting litigations, multiplicity of suits and unjust preferences will not be tolerated in a tribunal where the rights of every creditor are protected and mere fleetness of foot is no longer of any avail.

So in the case at bar, notwithstanding the indefinite liability of trustees, the situation calls for the intervention of equity.

The fund created by statute for the protection of creditors in the case before us is made up of the assets of the corporation and the joint and several liability of the trustees. It is an obvious fallacy to argue that after insolvency and the appointment of a permanent receiver, the creditor can only rely on his remedy at law.

All of the creditors who have similar claims against certain directors are, in a court of equity, upon a common footing, and if the aggregate amount collectible from the directors will not pay the creditors in full, it should be distributed so as to protect the rights of all. This being so, the rights of directors and creditors can be adjusted in one action. The indefinite liability of the directors offers no obstacle to equitable intervention, and the creditor has no greater right to his independent action against the directors than had the creditor pursuing a stockholder in the case we have supposed.

We have here a bankrupt corporation; a permanent receiver; an injunction prohibiting actions against the corporation; creditors who have obtained judgments with executions returned unsatisfied; fifty or more creditors who have begun, or are about to begin, actions against the directors; creditors, like this plaintiff, who have no judgments against the corporation and are prevented by injunction from procuring them; this plaintiff and others unable to pursue their remedy at law against the directors because the insolvency proceeding bars the way; multiplicity of suits, unjust preferences and waste of assets are threatened.

The situation being presented to a court of equity, it will assume jurisdiction and administer the fund in one action.

It says to the creditors, from this time on no further preferences can be obtained, no actions at law can be prosecuted, no

waste of assets will be tolerated; equality is the rule here-
after in this case by reason of the insolvency of the corpora-
tion, the placing of its assets in the custody of the court and
the issuance of an injunction staying all pending litigations
wherein the corporation is defendant and prohibiting the
creditors at large from pursuing their legal remedy against
the corporation as a condition precedent to invoking their
legal remedy against the directors. The case of *Bauer* v.
*Platt* (72 Hun, 326), in the General Term of the first depart-
ment, already cited, sustained the precise form of action now
under consideration, with this difference in the facts, that
there the directors were each liable in an amount not exceed-
ing $5,000.00. That sum multiplied by the number of
directors liable, constituted, with the assets of the corporation,
and the stockholders' liability if there were any, the fund
provided by statute for the protection of creditors. Equity
assumed jurisdiction and made an equal distribution. In the
case at bar the liability of the individual director is limited by
no specific amount, yet nevertheless the aggregate of that
liability is, with the assets of the corporation, the fund
provided by statute for the benefit of creditors.

That aggregate amount is readily ascertainable in a court of
equity, the rights of all parties in the same can be accurately
determined and each director held only in such a judgment as
the law permits.

The fact that this aggregate liability of the directors is, at
the present time, unascertained, offers no obstacle to equity
assuming jurisdiction.

The argument that there is no fund and that no accounting
is necessary is without foundation in the facts. The fund
exists, as does every fact warranting the intervention of a
court of equity.

I have considered only the points on which the complaint
was dismissed; certain points of practice dealt with in one of
the briefs and not specifically pointed out at the trial cannot
be raised here for the first time.

It is proper to notice an additional point raised by the

defendants in meeting the argument of the plaintiff that a court of equity has jurisdiction.

It is urged that the unsuccessful efforts of the receivers of the Madison Square Bank in the city of New York to compel the directors of the bank to account in equity for the damages sustained by reason of their several acts of misconduct, negligence and wrongdoing are similar to the case at bar, and that the decisions of this court then rendered are conclusive against the plaintiff here. The cases referred to are clearly distinguishable from the one before us.

*O'Brien* v. *Fitzgerald* (143 N. Y. 377) was the first of these cases. This was an action by the receivers of the Madison Square Bank against the directors.

Judge FINCH said : " On its face and in its form this is an action at law to recover damages for negligence. The corporation, represented by its duly appointed receivers, sues individuals who were its directors for such neglect or wrong in the performance of their duties as resulted in large losses, and demands a money judgment for the damages sustained. * * * It is not asserted that such defendants are severally liable for separate and personal misconduct, and in separate and different amounts, although that is a reasonable inference from the facts stated in the complaint, but demands judgment against all and against each for the full amount claimed. The circumstance led to the interposition of a demurrer to the complaint, based upon the ground that different causes of action affecting different defendants had been improperly joined."

This court held that the judgment overruling the demurrer should be reversed and the demurrer sustained.

The case, after the complaint had been amended as to its allegations, and the insertion of a prayer for equitable relief, came before the Appellate Division of the first department, on an appeal from a judgment of the Special Term sustaining a demurrer to the amended complaint (6 App. Div. 509). The Appellate Division, in an opinion affirming this judgment, stated that none of the new allegations in the amended com-

plaint were of fact, but conclusions as to the liability of the
various defendants and the opinion of the pleader as to the
necessity for equitable intervention.

This court affirmed the judgment of the Appellate Divi-
sion on the opinion below (150 N. Y. 572), and answered two
questions to the effect that the amended complaint did not set
forth a cause of action in equity ; also, that there was an im-
proper joinder of causes of action.

This court has followed the above case in *Empire State
Savings Bank* v. *Beard* (151 N. Y. 638) and in *Dykman* v.
*Keeney* (154 N. Y. 483).

It would seem to require no argument to show that an·
action at law to recover damages for negligence against the
directors of a bank, where the defendants are severally liable
for separate and personal misconduct, and in separate and
different amounts, each being ascertained by independent
facts, has no bearing on the case at bar. ,

I will notice, in conclusion, another case that, as claimed by
respondents' counsel, determines the precise question we are
considering.

It is *Corning* v. *McCullough* (1 N. Y. 47), already cited
and commented upon in this opinion.

The contention is that as this court decided the liability of
a stockholder, held for the debts of the corporation, was
enforceable in a common-law action on the case, it follows that
the only remedy against a director resting under a similar
liability is an action at law.

The fallacy of this reasoning is obvious when the precise
question then before the court is recalled. Corning and
Horner sued McCullough, as a stockholder, in assumpsit, for
a debt of the corporation, under the provisions of the act incor-
porating the Rossie Galena Company.

The defendant pleaded that the cause of action did not
accrue within three years before the commencement of the
suit. To this plea the plaintiffs demurred and the defendant
joined in demurrer.

If the action was to charge defendant with a statutory lia-

bility, it was cut off by the three years' Statute of Limitation; if it was to enforce a primary liability at common law, the six years' statute had not intervened. The court adopted the latter view.

As already pointed out in this opinion, the creditor has a remedy at law both against the director and the stockholder.

The question involved in the case at bar as to the jurisdiction of equity in case of insolvency of the corporation was not presented in the case last cited and the point there decided has no bearing on this case.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

O'BRIEN, HAIGHT, VANN and LANDON, JJ., concur with CULLEN, J.; PARKER, Ch. J., concurs with BARTLETT, J.

Judgment affirmed.