MAUDE E. BOUTON, on Behalf of Herself and Others, Respondent, *v.* CHARLES H. VAN BUREN et al., Copartners, under the Firm Name of C. H. VAN BUREN & COMPANY, Appellants, Impleaded with Another.

Representative action — pleading — complaint must show there is a community of interest between plaintiff and the other principals for whom plaintiff assumes to act — when plaintiff in such action has adequate remedy at law an equitable action cannot be maintained — multiplicity of actions — allegations necessary to sustain action brought to prevent multiplicity of actions.

1. A representative action cannot be maintained unless it appears from proper allegations in the complaint that the plaintiff not only has a cause of action, but that he is representative of a common or general interest of others. Unless both facts appear, a demurrer is well taken.

2. Where an action is brought by plaintiff, on behalf of herself and others, against a firm of stockbrokers, who bought and sold stocks on margin for plaintiffs, for an accounting and a settlement of the sales and transactions conducted by defendants and a payment of the

proceeds thereof to the persons entitled thereto, and there are no allegations in the complaint, or any facts stated, from which an inference can be drawn that the plaintiff and the principals for whom she is assuming to act have a community of right or interest in the subject-matter of the action, nor community of interest in the question of law and facts involved in the general controversy, such complaint fails to state facts sufficient to constitute a cause of action common to plaintiff and other principals.

3. It appears in this action that there is no fund to be distributed among the creditors of the defendants except such as may be derived from judgments recovered against them, as to which no protection is required. The only thing to be reached is the personal liability of defendants and the presumption is that they are financially able to respond to any judgment which plaintiff may recover, and, hence, plaintiff has an adequate remedy at law and fails to show that an equitable action is necessary to preserve her rights.

4. The action cannot be maintained to prevent a multiplicity of suits, since there is no allegation in the complaint that any of the principals, for whom the plaintiff is assuming to act, has brought, or threatens to bring, an action against defendants.

*Bouton* v. *Van Buren*, 190 App. Div. 921, reversed.

(Argued April 13, 1920; decided April 27, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 30, 1919, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The following question was certified: " Does the complaint state facts sufficient to constitute a cause of action against the defendants Van Buren and Day? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. H. Sykes* and *Lawrence A. Crosby* for appellants. The complaint does not state facts sufficient to constitute a cause of action in the plaintiff as a representative of other customers of Klein under section 448 of the Code of Civil Procedure. (*Guffanti* v. *Nat. Surety Co.*, 196 N. Y. 452; *Hilton Bridge Const. Co.* v. *Foster*, 26 Misc. Rep. 338;

*Bouton* v. *City of Brooklyn*, 15 Barb. 375; *McKenzie* v. *L'Amoureux*, 11 Barb. 516; *Bloete* v. *Simon*, 19 Abb. [N. C.] 88; *Marsh* v. *Kaye*, 168 N. Y. 196; *Haight* v. *Haight & Freese Co.*, 112 App. Div. 475; *Potter* v. *Gilbert*, 130 App. Div. 632; *Tifft* v. *Tifft*, 4 Den. 175; *Kranz* v. *Lewis*, 115 App. Div. 106.) The plaintiff's complaint cannot be sustained on the ground that this action will prevent a multiplicity of suits. (*Mack* v. *Latta*, 178 N. Y. 525; *Guffanti* v. *Nat. Surety Co.*, 196 N. Y. 452; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; *Nat. Park Bank* v. *Goddard*, 131 N. Y. 494; *Buffalo Chemical Works* v. *Bank of Commerce*, 79 Hun, 93; *Empire Engineering Corp.* v. *Mack*, 217 N. Y. 85; *Hale* v. *Allison*, 188 U. S. 56; *Rogers* v. *Boston Club*, 205 Mass. 261.)

*James Jenkins* and *William H. Grogan* for respondent. The defendants Van Buren and Day held the stocks and proceeds of sale of stock sold by them, as set forth in the complaint, as trustees and are liable to account to the plaintiffs therefor. (*Haight* v. *Haight & Freese Co.*, 112 App. Div. 475; 190 N. Y. 540; *Katz* v. *Mathews*, 216 N. Y. 701; *Tyndall* v. *Pinelawn Cemetery*, 198 N. Y. 217; *Van Woert* v. *Olmstead*, 71 N. Y. Supp. 431.) Equity has jurisdiction in this case to prevent a multiplicity of suits. (*Nat. Park Bank* v. *Goddard*, 131 N. Y. 494; *Pfohl* v. *Simpson*, 74 N. Y. 137, 142; *Mathez* v. *Neidig*, 72 N. Y. 100; *Griffith* v. *Mangam*, 73 N. Y. 611.) The property of the plaintiff Bouton in possession of defendants Van Buren and Day is impressed with a trust subject to contribution if there is not a sufficient fund to pay all creditors who became such by reason of the sale of their pledged property. (*Whitelock* v. *Seaboard Nat. Bank*, 29 Misc. Rep. 84.)

McLAUGHLIN, J. This appeal is by permission from an order of the Appellate Division, third department, affirming (two of the justices dissenting) an interlocu-

tory judgment· overruling a demurrer to the complaint. The demurrer was upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The complaint alleges, in substance, that on or about the 1st of March, 1913, one John D. Kline " as agent, partner or correspondent " of the appellants Van Buren and Day, took charge of a stock and grain brokerage office at Kingston, N. Y.; that between the date named and June 1, 1917, he took from various people a large number of orders for the purchase and sale of grain, stocks, bonds and other securities; transmitted the same to and they were received by said brokers, who had an office in the city of New York; that on the 1st of June, 1917, such brokers were carrying on margin a large number of shares of stock, were holding other shares of stock as collateral security for marginal transactions, were holding large sums of money belonging to various persons whose stocks they were carrying on margin, · or had sold without orders from their principals, and without notice of the time and place of sale, all of which orders and transactions came through the Kingston office. Then follows an allegation to the effect that the appellants, on the 1st of June, 1917, had purchased and were carrying upon margin, upon orders received through the Kingston office, ten shares of the capital stock of the American Locomotive Company, for the plaintiff, of the value of $628.22, for which she had paid them, through Kline, certain charges for margins and commissions; that she never ordered the sale of such stock; never received any notice of the time and place of sale; that no demand had been made upon her for additional margins and she does not know whether the appellants still hold such stock or have sold the same and hold the proceeds for her; that prior to the commencement of the action the defendant Jenkins was appointed the general assignee of Kline for the benefit of creditors, and that statements had been rendered to him by appellants which

show an indebtedness to Jenkins, as such general assignee, of $11,000; and treating Van Buren and Day as brokers for the principals in the various transactions, there is due from them to such principals, growing out of the orders received through the Kingston office, $55,000; and that by this action a multiplicity of suits to determine the rights of the plaintiff and the other persons on whose behalf the action is brought, will be avoided. The judgment demanded is that an accounting be had, to the end that it may be determined the amount of charges which Van Buren and Day have against the plaintiff and others on whose behalf the action is brought; that an apportionment and payment of such charges be made among them and the respective certificates of stock delivered to the owners thereof; that it also be determined the amount of money held by them as proceeds derived from the sale of stocks and transactions in relation to the matters set forth in the complaint, and directing payment to the persons entitled thereto.

I am of the opinion the complaint does not state a cause of action. So far as appears, Van Buren and Day are solvent and able to respond to any judgment which plaintiff may obtain against them. Indeed, it does not appear there is any dispute between plaintiff and them that they have refused to deliver the stock to her or have made any demand upon her for further payments. There is no allegation in the complaint, or any facts stated, from which an inference can be drawn, that the plaintiff and the principals for whom she is assuming to act have a community of right or interest in the subject-matter of the action, nor community of interest in the question of law and facts involved in the general controversy. The only fact common to them is that orders were taken through the Kingston office, and each transferred to the New York office by separate and distinct orders. It is obvious that to establish a cause of action against defendants on such orders, different proof will be required in

each instance. A representative action cannot be maintained unless it appears from proper allegations in the complaint that the plaintiff not only has a cause of action, but that he is representative of a common or general interest of others. Unless both facts appear, a demurrer is well taken. It is, therefore, incumbent upon the plaintiff to show why an equitable action is necessary to secure her rights (*Marsh* v. *Kaye,* 168 N. Y. 196), and that fact does not here appear.

Where the liability sought to be enforced is limited to an amount inadequate to satisfy all the claims, then an action in equity may be maintained on behalf of all the creditors, in which the fund can be applied ratably on all claims. (*Guffanti* v. *National Surety Co.,* 196 N. Y. 452.) In the instant case there is no fund to be distributed among the creditors of Van Buren and Day, except such as may be derived from judgments recovered against them, as to which no protection is required. The only thing to be reached is the personal liability of Van Buren and Day, and the presumption is that they are financially able to respond to any judgment which the plaintiff may recover. She, therefore, has an adequate remedy at law. The property which they hold for the plaintiff and the principals is not a trust fund, except in the broad sense in which it may be said that every man's property is a trust fund for the payment of his debts, but no action in equity, so far as I have been able to discover, has been maintained by a creditor at large to administer the estate of a debtor for the benefit of creditors generally. Bankruptcy proceedings are the only means to attain such an end. (*Marsh* v. *Kaye, supra.*)

It is urged, however, that the action can be maintained to prevent a multiplicity of suits. But there is no allegation in the complaint that any of the principals for whom the plaintiff is assuming to act has brought, or threatens to bring, an action against Van Buren and Day, and if that fact appeared it would not enable the action

to be maintained for the purpose stated.  This is so thoroughly well settled that the citation of authorities seems hardly necessary, but see *Warnock Uniform Co.* v. *Garifalos* (224 N. Y. 522); *Marsh* v. *Kaye* (168 N. Y. 196); *Dykman* v. *Keeney* (154 N. Y. 483); *Empire State Savings Bank of Buffalo* v. *Beard* (151 N. Y. 638); *O'Brien* v. *Fitzgerald* (143 N. Y. 377).

The judgment appealed from, therefore, should be reversed, the question certified answered in the negative, and the demurrer sustained, with costs in all courts.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, CRANE and ELKUS, JJ., concur.

Judgments reversed, etc.