———— Brown (Advance-Rumely Company), Plaintiff, v.
———— Werblin and Others, Defendants.

Supreme Court, New York County, May 28, 1930.

*A. M. Wickwire*, for the plaintiff.

*Koenig, Bachner & Koenig*, for the defendant Werblin.

WALSH, J.   Defendants move to dismiss the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.   This is a representative action in which the plaintiff sues in behalf of herself and for the benefit of others alleged to be similarly situated.   The gist of the complaint is that defendants entered into a conspiracy to reap large profits by victimizing innocent investors in the preferred and common stocks of the Advance-Rumely Company by agreeing to form a pool to acquire large blocks of said stocks; to create a false market for the same by wash sales; to procure the publication in tipsters' sheets of articles calculated to deceive the public; to procure financial service to be sold to the public, ostensibly independent and impartial, but actually paid for by defendants; to cause said stocks by these and other means to reach prices on the Stock Exchange far above their intrinsic value; that defendants carried said conspiracy into effect, as a consequence of which many persons were induced to believe that the value of such stocks was greater than it actually was and were induced to purchase the same at such inflated values; that as a result of such conspiracy defendants made enormous profits at the expense of the victims of their scheme; that plaintiff's assignor, in reliance by reason of such conspiracy, and in reliance upon the false information disseminated by defendants, purchased Advance-Rumely stock at the price of about $108 a share, and that the price of said stock subsequently fell to about

$21 per share, at which time he was sold out, losing over $4,000, said loss being occasioned solely as the results of the manipulations, acts and practices of defendants. It is further set forth that many other persons in the same class with plaintiff's assignor were drawn into the scheme by such actions of defendants, and plaintiff brings this action in her own behalf, and in behalf of all such persons similarly situated, to recover the losses sustained. In her prayer for relief plaintiff asks that the defendants hold the profits realized by them as a result of their operations in trust for the benefit of plaintiff and all persons similarly situated, that defendants be compelled to account therefor, and that a lien in favor of plaintiff and said other persons be impressed upon the profits in the possession of defendants. It is recited that plaintiff and such persons are without any adequate remedy at law, that the wrongs have just been discovered, and that the action is brought with due diligence.

Plaintiff concedes that the action is one in tort for damages sustained by plaintiff by reason of the false representations of the defendants upon which her assignor relied in purchasing the Advance-Rumely stocks. In such an action plaintiff has a complete and adequate remedy at law, and there is no necessity for resort to equity. Her damage is the amount lost because of the fraud. In order to be entitled to an accounting, a relationship of trust or agency with regard to the money or property must be shown. Defendants must have been intrusted with the property of plaintiff's assignor, and, in consequence, they become bound to reveal their dealings with respect thereto. (*Gilbert Paper Co.* v. *Prankard*, 204 App. Div. 83; *Schantz* v. *Oakman*, 163 N. Y. 148.) Plaintiff concedes there was no express trust, but claims that, by reason of defendant's fraud, a constructive trust arose whereby they became bound to account to plaintiff for the profits realized by them, but the circumstances and relations of the parties are not such as to raise any trust relationship whereby defendants are under a duty to account to plaintiff for the fruits of their alleged conspiracy. If, by their fraudulent acts and conduct plaintiff's assignor sustained a loss, defendants' liability is for the amount of such loss, irrespective of whether or not they profited by their wrongful acts. In the event the liability of defendants was limited to such profits, and the amount thereof was inadequate to satisfy all claims against them, an action in equity in behalf of the claimants would probably be proper in order that each claimant might secure the amount to which he was ratably entitled. (*Marsh* v. *Kaye*, 168 N. Y. 196.)

Nor do the provisions of section 195 of the Civil Practice Act permit the bringing of this action. A representative action cannot be maintained unless it appears from the allegations of the complaint

that the plaintiff not only has a cause of action but that he is representative of a common or general interest of others. (*Bouton* v. *Van Buren*, 229 N. Y. 17.) Here there is neither community of right or interest in the subject-matter of the action nor in the questions of law or fact involved. Each plaintiff has a several right to recover, in an action at law, the damage, if any, sustained by reason of defendants' fraud. Each plaintiff's action is necessarily predicated upon the facts which induced him to act. The right of each individual is not derivative. It must stand on allegations and proof peculiar to itself and dissociated from the others. None has an interest in the cause of action or the damage recoverable by another. In such a case a class action may not be maintained. (*Dykman* v. *Keeney*, 154 N. Y. 483; *Marsh* v. *Kaye, supra.*) The complaint is also barren of allegation that any of the persons for whom plaintiff is assuming to act has brought, or threatens to bring, action against the defendants. (*Bouton* v. *Van Buren, supra.*)

As the complaint seeks equitable relief alone, it cannot be sustained for legal redress, even though its allegations may show the existence of a cause of action at law.

Complaint dismissed, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days after the service of a copy of order entered hereon, with notice of entry thereof, upon payment of such costs. Order signed.