CHERRY et al. v. HOWELL et al.
No. 4638.

District Court, E. D. New York.
Aug. 31, 1931.

Ernst, Fox & Cane, of New York City (Jerome Michael, Melville H. Cane, and Jacob N. Robins, all of New York City, of counsel), for plaintiffs.

Clarke, Allen, Harper & Matthews, of New York City (Harold Harper, of New York City, of counsel), for defendant Clark Howell.

CAMPBELL, District Judge.

This is a motion made by the defendant Clark Howell, the only defendant served, for an order dismissing the complaint herein, upon the ground. that said complaint does not state facts sufficient to constitute a cause of action.

The action is stated to be brought by the plaintiffs on behalf of themselves and of all others similarly situated who shall come in as parties plaintiff and contribute to the expense of the suit.

The subject of the action is the affairs of the Southern Guarantee Loan Company, a Georgia investment corporation now in the hands of receivers.

The complaint alleges as follows:

That plaintiffs bring this action on behalf of themselves and all others similarly situated who shall come in and be made parties and contribute to the expense of this action.

On information and belief that the Southern Guarantee Loan Company was incorporated prior to the year 1904, under the laws of the state of Georgia, and at all times thereinafter mentioned was a Georgia corporation, having its only office and place of business in the city of Atlanta, in that state.

That the plaintiffs are holders of the company's class D installment bonds, and that they acquired their bonds in 1920 and 1922, on a monthly payment plan; a copy of the form of bond being annexed to the complaint and marked Exhibit A.

On information and belief that the defendants Clark Howell and Albert Howell were stockholders and directors of the said company, and that said defendant Clark Howell was the chairman of the board, and that said defendant Albert Howell was the vice president and general manager.

On information and belief that the said company, to the knowledge of the defendants and its officers and directors, from December 21, 1918, to April 1, 1929, failed to maintain reserve and redemption funds required by the terms of the class D bonds and of the laws of Georgia.

On information and belief that said company failed to comply with the Georgia law, in that it omitted: (a) To file annual statements with the comptroller general; (b) to obtain annually a license authorizing it to do business in Georgia; (c) to keep on deposit $25,000 at a designated state depository; and (d) to obtain fidelity bonds from its officers having custody of funds.

On information and belief that the company was, to the knowledge of defendants and of its other officers and directors, insolvent and operated at a loss from December 21, 1918, to April 1, 1929.

On information and belief that, with knowledge of such insolvency and that its business had been operated at a loss, the redemption and reserve funds had not been maintained, and that its business was conducted in violation of Georgia law, the defendants and other officers and directors of the company caused and permitted the company to continue in business from December 21, 1918, to April 1, 1929.

On information and belief that for the purpose of inducing its then bondholders to continue to pay the installments due upon their bonds, and of inducing others to purchase bonds, the defendants and other officers

and directors caused and permitted the said company from time to time falsely and fraudulently to represent to its bondholders and to the investing public, including the plaintiffs, that the company was solvent and was maintaining the redemption and reserve funds and conducting its business in accordance with Georgia law.

On information and belief that the holders of class D bonds, who purchased them after December 21, 1918, including the plaintiffs, and the holders of class D bonds who purchased before and after that date, and who made payments after that date, were induced to purchase the same and made the payments in reliance upon such false and fraudulent representations.

On information and belief that the officers and directors did not disclose to its bondholders, old or new, the true facts with reference to the company's insolvency and its failure to comply with legal and contract requirements.

On information and belief that the officers and directors permitted the company to dissipate and use for other purposes the amounts which were paid, or should have been paid, into the redemption and reserve funds.

On information and belief that the said company, prior to December 21, 1918, had gone through the form of establishing a reserve and redemption fund, but had not in this regard complied with the law or with the terms of the class D bonds.

On information and belief that the value of the assets does not exceed the claims of secured creditors and the costs of the receivership.

The complaint concludes with a demand for judgment by each of the plaintiffs for the amount paid by him upon his bonds, to wit, the plaintiff William Y. Cherry, for $810, and the plaintiff Noel W. Smith, for $6,050, with interest.

It is conceded by plaintiffs that the action is not a derivative suit to require the defendants, as officers and directors, to make good to the corporation such losses as it sustained from their waste and failure to observe the requirements of the bonds, or the statutes of the state of Georgia.

It is therefore unnecessary to further consider whether the complaint could be sustained as alleging a cause of action in a derivative suit.

At the outset it must be understood that the allegation "that what was done was done pursuant to conspiracy" does not change the nature of a civil action, or add anything to its legal force and effect. Howland v. Corn (C. C. A.) 232 F. 35.

The action is for fraud and deceit and to redress the wrong done bondholders as individuals.

The plaintiffs have attempted to bring the action as a representative action, and, as the action is at law, the Act of Conformity (title 28, section 724, U. S. Code, 28 USCA § 724) applies, and the statutory procedure of the state governs.

This is found in section 195 of the Civil Practice Act of the State of New York, which reads as follows: "Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

The history of this provision began with section 119 of the Code of Procedure, which in turn became section 448 of the Code of Civil Procedure, and that in turn became the present section 195 of the Civil Practice Act.

Conforming, as we must, as near as may be, to the practice and procedure of the courts of the state, the construction of the state law by its courts is binding upon the courts of the United States. Atlantic & Pacific Railroad Company v. Hopkins, 94 U. S. 11, 13, 24 L. Ed. 48.

The most common application of section 195 of the Civil Practice Act, supra, is to suits in equity, but it may also apply to suits at law, Kirk v. Young, 2 Abb. Prac. (N. Y.) 453; Atkins v. Trowbridge, 162 App. Div. 629, 148 N. Y. S. 181; but a class action is not proper for fraud or deceit, Dykman v. Keeney, 154 N. Y. 483, 48 N. E. 894; Marsh v. Kaye, 168 N. Y. 196, 61 N. E. 177; Brown v. Werblin, 138 Misc. 29, 244 N. Y. S. 209, 212; Cavanagh v. Hutcheson, 140 Misc. 178, 250 N. Y. S. 127; and neither do Kirk v. Young, supra, nor Atkins v. Trowbridge, supra, furnish authority for the bringing of a class action for fraud or deceit.

The situation of the plaintiff in the action at bar cannot be better described than in the words used by Mr. Justice Walsh, in Brown v. Werblin, supra, wherein he said: "Nor do the provisions of section 195, Civil Practice Act, permit the bringing of this action. A representative action cannot be maintained unless it appears from the allegations of the complaint that the plaintiff not only has a cause of action but that he is representative

of a common or general interest of others. Bouton v. Van Buren, 229 N. Y. 17, 127 N. E. 477. Here there is neither community of right or interest in the subject-matter of the action nor in the questions of law or fact involved. Each plaintiff has a several right to recover, in an action at law, the damage, if any, sustained by reason of defendants' fraud. Each plaintiff's action is necessarily predicated upon the facts which induced him to act. The right of each individual is not derivative. It must stand on allegations and proof peculiar to itself and disassociated from others. None has an interest in the cause of action or the damage recoverable by another. In such a case a class action may not be maintained."

In the case last cited, which was brought on the equity side of the court, the complaint alleged that the plaintiff's assignor, and other innocent investors, were victimized by a conspiracy of the defendants to create a false market in the stock of the Advance-Rumely Company, by a pool, wash sales, by publication of articles in tipster sheets, and other devices, as a consequence of which many persons, including the plaintiff's assignor, were induced to believe that the value of the stock was greater than it actually was, and were induced to purchase the stock at inflated values, with resulting high profits to the defendants.

■ In the case at bar, while the subject-matter was somewhat different, it is alleged in the complaint that plaintiffs and others were victimized by a conspiracy of the defendants and others, in the manner therein described, to induce them to invest in class D bonds, and to continue to make payments thereon, which they did, and as a consequence of the acts and omissions of the defendants and others, in the complaint described, in pursuance of such conspiracy, the plaintiffs suffered damages.

The two cases are not distinguishable.

In the case at bar, while similar representations may have been made to many, if not all, of the purchasers of class D bonds, it does not follow that the effect of the representations was the same on the minds of the several purchasers; some may have been induced by and relied upon the representations in making purchases, some may have placed no reliance upon the representations, while others may have acted knowing that the representations were false; and for that reason one person who alleges that he has been deceived and defrauded, in reliance upon representations, cannot bring an action as representative of a class of persons supposed to have been so deceived and defrauded.

Should the other bondholders be bound by the result of the suit at bar?

That is a fair test, if this is a truly representative suit. Stevens v. Union Trust Co., 57 Hun, 498, 11 N. Y. S. 268.

It seems to me that they should not be so bound, for the reason that the suit at bar might be defeated by infirmities in the plaintiffs' respective causes of action, entirely without regard to the merit of the claims of other bondholders.

■ Having found that the action at bar could not properly be brought as a representative action, the court is not bound unconditionally to dismiss the complaint, because the complaint in the case at bar states a good cause of action at law for each of the present plaintiffs, Smith and Cherry, but not for the class; and, under section 209 of the New York Civil Practice Act, all of the holders of class D bonds might have joined as plaintiffs. Akely v. Kinnicutt, 238 N. Y. 466, 144 N. E. 682; Brown v. Kinnicutt (D. C.) 2 F.(2d) 263; Spetler v. Jogel Realty Co., Inc., 224 App. Div. 612, 231 N. Y. S. 517.

The motion of the defendant Clark Howell to dismiss the complaint is granted, but with leave to the plaintiffs to serve an amended complaint, within twenty days after the service of the order to be entered hereon, on the attorney for defendant.