William R. Brennan, Jr., J.
On this motion to dismiss the complaint, relief is sought pursuant to subdivisions 2 and 4 of rule 106 and subdivision 2, 4 and 5 of rule 107 of the Rules of Civil Practice.
Prior litigation by the plaintiff’s intestate, Harry Lazar, on substantially the same causes of action resulted in a judgment in his favor as an individual but not in a representative capacity. (See Lazar v. Towne House Restaurant Corp., 142 N. Y. S. 2d 315.) An appeal was taken by the plaintiff. The Appellate Division (5 A D 2d 794) and the Court of Appeals (6 N Y 2d 923) affirmed Special Term. In the appellate courts the plaintiff’s contention that judgment should have been granted to him as a representative of other creditors was the basis of the appeal.
Since the rendition of the aforesaid judgment at Special Term, and prior to the commencement of this action, the judgment has been paid and satisfied. Obviously, the question arises as to the status of the plaintiff, a representative of a paid judgment creditor, to maintain this action.
After the payment of the judgment neither Harry Lazar, were he alive, nor the plaintiff as his estate representative, has the status of a creditor. To maintain an action under section 276 of the Debtor and Creditor Law or section 61 of the General Corporation Law, the plaintiff must have such status. As stated in Brenner v. Title Guar. & Trust Co. (276 N. Y. 230, 236) : “ in Bouton v. Van Buren (229 N. Y. 17, 22) this court said in 1920: ‘ a representative action cannot be maintained unless it appears from proper allegations in the complaint that the plaintiff not only has a cause of action, but that he is representative of a common or general interest of others.”’ (Emphasis supplied.) Here the plaintiff has no cause of action in her individual capacity nor may she without being a creditor maintain a representative action on behalf of other creditors.
Moreover, the judgment in the prior litigation (citations, supra) constitutes an adjudication that Harry Lazar, and consequently his estate representative, had and has no cause of action in any capacity except as an individual. It follows that neither he nor his estate representative can maintain the instant action. Accordingly, the motion is granted.