MOTLEY v. SOUTHERN RY. CO.

(Circuit Court, N. D. Georgia. February 3, 1911.)

No. 1,023.

1. EQUITY (§ 132*)—SUIT BY COMPLAINANT FOR THE BENEFIT OF CLASS—BILL.
Where complainant sued in equity to compel defendant railroad company to deliver certain of its stock in exchange for stock of another corporation under a reorganization agreement, and alleged that complainant did not know how many others were similarly situated, but averred on information and belief · that there were many others similarly situated, and that their stock amounted to at least $500,000, such allegation was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not sufficient to justify the court in entertaining the bill as one brought by complainant on behalf of a class.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 312; Dec. Dig. § 132.*]

2. CORPORATIONS (§ 575*)—REORGANIZATION—EXCHANGE OF STOCK—RAILROADS —NATURE OF RELIEF.

Where a plan for the reorganization of a railroad company, of which complainant was a stockholder, contemplated that he should have one share of the new corporation stock for every two shares of the old company, and the new company issued such stock, and undertook and agreed in the plan of reorganization or otherwise with the purchasing committee to deliver the exchanged stock to the respective shareholders in the old company, but on demand by complainant failed and refused to deliver new stock in exchange for his stock in the old company, complainant was entitled to a mandatory injunction or an alternative decree for a delivery of the stock or for the payment of the money value thereof.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 575.*]

In Equity. Suit by T. N. Motley against the Southern Railway Company. On demurrer to bill. Sustained in part.

Burton Smith, for complainant.
McDaniel, Alston & Black, for defendant.

NEWMAN, District Judge. This case was removed from the state court to this court. On a demurrer to the declaration, filed in the state court, the following order was entered, after removal:

"This case was removed to the Circuit Court from the state court. Plaintiff's pleading was drawn under the practice prevailing in the state court. It is a blending of law and equity. When removed here it was placed, and properly, I think, by the clerk on the equity docket. The plaintiff, in my judgment, has foundation for a good case in equity. His pleading, however, needs reframing. The plaintiff having asked leave to replead, if in the judgment of the court repleading be necessary, it is ordered that he have 60 days in which to reframe his pleading, so as to conform to proper equity practice in that respect.

"No further order will be made in the case at present, and not until the plaintiff has an opportunity to replead, as indicated. This 5th day of July, 1910."

The time given in this order to reframe the bill was, on August 30, 1910, extended for 60 days. On September 28, 1910, reframed pleadings were filed by the complainant. Subsequently, on October 25, 1910, a demurrer was filed, and on the same day a special demurrer was also filed.

The substance of the bill as it now stands is that the complainant was a stockholder, having 100 shares of the stock of the Georgia Pacific Railway Company, of the par value of $100, at the time it went into the hands of receivers; that a plan of reorganization was framed by which the stockholders in the Georgia Pacific Railway Company were to receive one share of the stock of the new company, the Southern Railway Company, for every two shares of stock held in the Georgia Pacific Railway Company; that the plan contemplated that this stock of the Southern Railway Company should be delivered by it to all the stockholders of the Georgia Pacific Railway Company, respec-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tively, in the proportion named, and, by a recent amendment, it is alleged that the Southern Railway Company undertook and agreed to do this. It is alleged that demand has been made on the Southern Railway Company for the delivery of the stock, and it has failed and refused to deliver the same. The bill prays:

"That the court pass a decree ordering and directing the defendants to deliver to your orator, and to the other parties herein referred to, such an amount of stock as the court shall determine they are entitled to" and "if it should appear that the defendants cannot deliver such stock, judgment be rendered against the defendants, in behalf of each of the parties at interest, as herein set forth, fixing a money judgment of the highest proved market value of the stock at any time between the final judgment in this cause and the date of the decree of August 18, 1894."

As to this the complainant seeks to make a case in behalf of a class; that is to say, of all parties in similar situation to the complainant, and who were stockholders in the Georgia Pacific Railway Company, and entitled to have stock in the Southern Railway Company delivered to them, to whom such stock has not been delivered.

The demurrer makes two questions: First, that the complainant does not make out a case which, under equity practice, would entitle him to make the proceeding one for a class; and, second, that, if there be such other parties, they would be guilty of gross laches in not proceeding sooner to assert their rights, and that any claims they might have would be barred, and should not be recognized and enforced by the court.

It is unnecessary to determine the last contention, because, in my opinion, a case is not made where the complainant can sue for a class in like situation with himself. In the first place, the bill as amended fails to state with any sort of definiteness that there is such a class. The allegation on this subject is this:

"Your orator does not know how many others are similarly situated; but he avers, on information and belief, that there are many other stockholders of the Georgia Pacific Railway similarly situated, and that their stock amounts to at least $500,000."

I do not think this is such an allegation as would justify entertaining the bill as one brought by the complainant on behalf of a class. Nothing is shown to indicate whether the rights of the class, if there be such a class, should be entertained and determined in this proceeding, nor do the allegations in any way indicate that the decision of this question would in any way bind others similarly situated or determine the defendant company's rights as to any others of the same class. I am therefore satisfied that the demurrer should be sustained as to that portion of the bill.

As to the other parts of the bill, it appears to me that, while some parts of the first 17 pages of the bill are irrelevant and immaterial, as a whole they may not be subject to demurrer; while the remainder of the bill, including the interrogatories on the part of the defendant, seems to me to be subject to demurrer. I do not see that any of the interrogatories propounded relate to anything material to the complainant's right. That right is to show that he was a stockholder in the Georgia Pacific Railway Company; that the plan of reorganization

contemplated that he should have one share of the Southern Railway Company's stock for every two of the Georgia Pacific Railway Company's stock; that the Southern Railway Company issued such stock, and undertook and agreed, in the plan of reorganization or otherwise, with the purchasing committee to deliver the stock to the respective shareholders in the Georgia Pacific Railway Company; and that on demand they have failed and refused to do this. This makes his case, it seems to me, and all the other matters inquired of by the interrogatories seem to me to be wholly immaterial.

I think the right of the complainant, if he should show the necessary facts, would be for a decree in the nature of a mandatory injunction, or an alternative decree, probably, for the money value of the stock, if it cannot be delivered. Whether the prayer states this with sufficient distinctness I am not entirely clear at present; but it may be that, if a case is satisfactorily made out, the prayer is sufficient to justify it.

The bill will be sustained to the extent indicated, and the demurrer overruled; and to the extent also indicated the demurrer to the bill will be sustained, and the same stricken.