**BICKFORD'S, Inc., v. FEDERAL. RESERVE BANK OF NEW YORK et al.**

District Court, S. D. New York.

Nov. 23, 1933.

Abraham H. Simon, of Brooklyn, N. Y., for plaintiff and intervener.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Lansing P. Reed and Ralph M. Carson, both of New York City, of counsel), for defendant Federal Reserve Bank of New York.

Carl J. Austrian, of New York City (Warren C. Fielding, Edward Feldman, and Arthur Ofner, all of New York City, of counsel), for Bank of United States and Joseph A. Broderick.

PATTERSON, District Judge.

The suit is to impress a trust upon the proceeds of certain checks collected by the defendant Federal Reserve Bank. The bill alleges that the plaintiff deposited checks drawn on other banks with the Bank of United States shortly before it was closed, to be collected and credited to its account with that bank, and that other depositors likewise deposited checks for collection; that the Bank of United States sent the checks to the Federal Reserve Bank to be collected, with the result that, when the former bank was closed on December 11, 1930, the Federal Reserve Bank had large sums of money representing the proceeds of all these checks, of which the sum of $99,000 belonged to the plaintiff; and that the Federal Reserve Bank applied these sums to the payment of a debt owed to it by the Bank of United States, although it had then in its possession securi-

ties belonging to that bank sufficient in value to have paid the debt. There are other allegations, but those outlined above are sufficient to indicate the character of the suit. The relief demanded is that the sums seized by the Federal Reserve Bank be declared a trust fund belonging to the plaintiff and others similarly situated, that the bank be ordered to account to and pay to the plaintiff the sum of $99,000, and to account to and pay to the others similarly situated the amounts of their checks or proceeds.

Two motions are before the court. One is to dismiss the bill on the ground that it does not state facts sufficient to constitute a representative or class suit "and on no other ground." The other is by one Finkelstein for leave to intervene.

1. *The Motion to Dismiss.* Rule 38 of the present Equity Rules (28 USCA § 723) provides: "When the question is one of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole."

■ This rule is merely a statement of what was familiar equity practice before the rule or its predecessor under the older rules was adopted. The general principle is that all interested in the subject-matter of a suit in equity are necessary parties. But an exception is tolerated where numerous parties have a common interest in the subject-matter. In such cases a few are allowed to represent the entire body, in order to promote convenience and to prevent a failure of justice. Smith v. Swormstedt, 16 How. 288, 14 L. Ed. 942. The device of a class suit is in general one whereby a plaintiff by suing for himself and as representative of others is enabled in proper cases to forestall an objection by his adversary that there is a nonjoinder of parties. See Smith v. Swormstedt, supra. Common instances of class suits are a suit by a judgment creditor in behalf of all judgment creditors to reach equitable assets of the debtor, Stewart v. Dunham, 115 U. S. 61, 5 S. Ct. 1163, 29 L. Ed. 329; compare Freedman's Savings & Trust Co. v. Earle, 110 U. S. 710, 716, 4 S. Ct. 226, 28 L. Ed. 301; a derivative suit by a stockholder in behalf of all similarly situated, Flynn v. Brooklyn City R. Co., 158 N. Y. 493, 53 N. E. 520; a suit by a few heirs in behalf of all, Carnahan v. Peabody (D. C.) 31 F.(2d) 311; a suit by some interested in a fund in which many have similar and undivided interests, Hartford Life Insurance Co. v. Ibs, 237 U.

S. 662, 35 S. Ct. 692, 59 L. Ed. 1165, L. R. A. 1916A, 765; a suit by one creditor in behalf of many similarly situated to get payment out of a fund or chose in action insufficient to pay all in full, Guffanti v. National Surety Co., 196 N. Y. 452, 90 N. E. 174, 134 Am. St. Rep. 848. In all these cases the court has jurisdiction of the subject-matter of the suit, whether a fund or a claim, and can declare the rights of absent persons whose interest in the subject-matter is identical with that of parties before the court. See Chafee, "Bills of Peace with Multiple Parties," 45 Harv. L. Rev. 1297. The cases of class suits brought by or against a few representatives of a voluntary association are of a different type, and need not be considered.

■■ But the interest that enables a court to dispense with the presence of persons and to allow others to represent them must be not merely an interest in the questions of fact or of law involved in the case but a common interest in the subject-matter of the suit. Scott v. Donald, 165 U. S. 107, 17 S. Ct. 262, 41 L. Ed. 648; Cutting v. Gilbert, Fed. Cas. No. 3,519, 5 Blatchf. 259. If the claims of the numerous parties are distinct, unconnected, and independent, a class suit is not permissible. Associated Almond Growers v. Wymond (C. C. A.) 42 F.(2d) 1; Ayres v. Carver, 17 How. 591, 15 L. Ed. 179; Bouton v. Van Buren, 229 N. Y. 17, 127 N. E. 477.

■ In the case at bar, the defendants make the point that the bill does not show that the depositors whose checks were in course of collection at the time of failure were numerous. It is true that the plaintiff makes no such allegation in the bill. But it is well known that the Bank of United States was a very large institution, and the presumption may safely be made that, when it failed, many others were in a condition more or less analogous to that of the plaintiff. See Campbell v. Texas R. Co., Fed. Cas. No. 2,366, 1 Woods, 368. The difficulty with the plaintiff's case goes deeper. There is no single fund held by the Federal Reserve Bank for the benefit of depositors of the insolvent bank. On the facts alleged in the bill there may be a trust for the plaintiff, and there may be trusts for other depositors whose situation is comparable to the plaintiff's, but there certainly is no single trust in which all have common and undivided interests. Suppose some of the proceeds of the checks said to belong to the plaintiff had been lost without fault by the Federal Re-

serve Bank. It is obvious that the loss would be the plaintiff's alone. No other depositors would be prejudiced. Their rights relate to different property altogether. It may not even be assumed that the questions of fact or of law are the same as to all depositors. The form of indorsement on the checks, the contract with the insolvent bank as to collection, the dates of the transactions—these are factors, and there may be others, that may differentiate the rights of some from the rights of others. See Associated Almond Growers v. Wymond, supra.

In Baker v. Portland, Fed. Cas. No. 777, 5 Sawy. 566, certain persons who had contracts with a city to make street improvements brought a suit against the city in behalf of all persons who had such contracts. The contracts were separate and distinct. It was held that there was no class in the equity sense, and that the suit could not be maintained as a class suit. The case was cited with approval by the Supreme Court in Scott v. Donald, supra. The present case is analogous. There is no more a class of depositors here than a class of contractors in the Baker Case.

A fair test of the right to maintain a class suit is whether a decree would be binding on absent persons said to be members of the class. In a true class suit the decree is binding on such persons. Supreme Tribe of Ben-Hur v. Cauble, 255 U. S. 356, 41 S. Ct. 338, 65 L. Ed. 673; Hartford Life Insurance Co. v. Ibs, supra; Motley v. Southern Ry. Co. (C. C.) 184 F. 956; Morton v. New Orleans R. Co., 79 Ala. 590, 610. Here it is plain, I think, that a decree against the plaintiff would not be res adjudicata against other depositors of checks. Their rights are separate and independent; they might succeed after the plaintiff had failed.

The parties in their briefs have discussed the point whether under rule 26 of the Equity Rules (28 USCA § 723) several depositors might unite causes of action in the same bill. The answer would depend on whether such joinder would "promote the convenient administration of justice," but that is not involved in this case. In many cases there may be a joinder of causes of action by several plaintiffs in one suit where one of those very plaintiffs would not be permitted to maintain a class suit in behalf of the others. There is necessarily a standard more strict in regard to class suits, because of the danger of passing on the rights of persons in their absence.

■ The plaintiff also urges that, by permitting a suit in behalf of all depositors similarly situated, multiplicity of suits will be avoided. The mere prevention of a multiplicity of suits has never been regarded, so far as I know, as a ground for the institution of a class suit. Bouton v. Van Buren, supra.

■ It follows that the bill is insufficient on its face to justify a representative suit. It is not necessary to determine whether the plaintiff suing alone and not in behalf of others has a cause of action cognizable in a court of equity. By their present motion the defendants have waived any objection on this score, and the point is one that may be waived. Pusey & Jones v. Hanssen, 261 U. S. 491, 500, 43 S. Ct. 454, 67 L. Ed. 763. The motion to dismiss the bill as one in behalf of a class will be granted, with leave to the plaintiff to file an amended bill on its own behalf.

■ 2. *The Motion to Intervene.* Rule 37 (28 USCA § 723) provides, in part: "Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

This rule also is declaratory of established equity practice. General Talking Pictures Corporation v. Stanley Co. (D. C.) 42 F.(2d) 904.

The decision that the suit brought by Bickford's, Inc., is not properly a class suit is determinative of this motion also. The "interest in the litigation" that an intervener must show is an interest in the subject-matter of the litigation. It is not sufficient for him to show that he has an independent right of action against the defendant based on grounds like those asserted by the plaintiff. Forest Oil Co. v. Crawford (C. C. A.) 101 F. 849. Here the plaintiff's suit is to enforce an alleged trust on a fund of $99,000. The proposed intervener merely shows that he has a cause of action to enforce a trust on a fund of $4,500 on similar grounds. The petition to intervene will accordingly be denied.