WARNOCK UNIFORM COMPANY, Respondent, *v.* JOHN D. GARIFALOS, Defendant, and MAX KOBRE et al., Appellants, Impleaded with Others.

**Equity — misjoinder — independent causes of action against several defendants may not be consolidated into one cause of action in equity.**

Where among defendants there is neither community of right nor interest in the subject-matter of the action, nor community of interest in the questions of law and fact involved in the general controversy, the independent causes of action at law may not be consolidated into one cause of action in equity. Where several promissory notes were obtained from plaintiff through deceit, and were transferred to different defendants by independent and separate transactions, and such defendants were joined in an action to have them adjudged void, *held*, that neither the complaint nor the proof discloses an adequate cause for maintaining such an action in equity.

*Warnock Uniform Co.* v. *Garifalos*, 170 App. Div. 674, reversed.

(Submitted October 25, 1918; decided December 3, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 4, 1916, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Virginius Victor Zipris* for Max Kobre, appellant. The plaintiff has an adequate remedy at law and should not have applied for equitable relief. (*Warnock Uniform Co.* v. *Silver*, 156 N. Y. Supp. 657.)

*William J. Lippmann* for Gerson M. Krakower, appellant. The plaintiff had an adequate remedy at law. (*Warnock U. Co.* v. *Silver*, 156 N. Y. Supp. 637.) There is no justification of an appeal to equity on the ground that the action is necessary to avoid a multiplicity of actions. That rule only applies where there is a multiplicity of actions between the same parties. (*O'Brien* v. *Fitzgerald*, 6 App. Div. 509; 150 N. Y. 572.)

*Henry S. Dottenheim* for respondent. The action was properly brought in equity. (*N. Y., N. H. & Hartford R. R. Co.* v. *Schuyler*, 17 N. Y. 592; *Central Trust Co.* v. *India Improvement Co.*, 169 N. Y. 314; *Dickerson* v. *Bankers Loan & Investment Co.*, 93 Va. 498; *Moomaw* v. *Fairview Cemetery Co.*, 27 S. E. Rep. 489.)

COLLIN, J. The action is in equity to have ten promissory notes adjudged void. Certain of the defendants did not appear or plead in it. Others, including the appellants here, by their answers alleged, among other things, that the plaintiff had at law an adequate remedy. The trial court found: In March, 1914, the plaintiff, through its president, and the defendant Garifalos agreed that the notes involved, and others, made by the plaintiff

for the purpose of borrowing money through the discounting of them, should be delivered to Garifalos, who should procure their discount at either of two designated banks and pay forthwith one-half of the moneys received from them, and at their respective maturities the other one-half, to the plaintiff; the plaintiff entered into the agreement through the deceit of Garifalos; it delivered the notes to Garifalos, who agreed to return them to the plaintiff at the end of the ten days next after March 16, 1914, in case he, within that time, had not had them discounted as agreed; he did not have them so discounted; five of them he redelivered to the plaintiff, the remaining ten he transferred, through independent transactions, to eight persons who, or their transferees, are defendants here; two of the transferees were such in good faith and for value, and judgment against the plaintiff in favor of each of them for the sum unpaid upon the note was rendered; the other transferees were not such in good faith and for value, and judgment in favor of the plaintiff against each of them respectively declaring the notes void and directing their delivery to the plaintiff for cancellation was rendered.

Among the defendants there is neither community of right or interest in the subject-matter of the action, nor community of interest in the questions of law and fact involved in the general controversy. The only fact common to them is that Garifalos acquired the notes through deceit. According to the allegations of the complaint and the findings each note was transferred by him as an independent and several transaction and each transferee has a standing, allegations and proof peculiar to himself and dissociated from those of another. The issues between the plaintiff and each of the defendants were triable and determinable in a court of law by a jury. The plaintiff, naturally, desires to avoid vexation, expense, trouble and delay by a consolidation, in effect, of the

independent causes of action at law into one cause of action in equity. This it cannot have. (*Empire Engineering Corporation* v. *Mack*, 217 N. Y. 85; *Hale* v. *Allinson*, 188 U. S. 56; *Johnson* v. *Swanke*, 128 Wis. 68; *Rogers* v. *Boston Club*, 205 Mass. 261.) Neither the supplemental complaint nor the proof discloses an adequate cause for instituting this action in equity.

The judgments of the Appellate Division and of the Special Term should be reversed and the complaint dismissed as to each of the appellants, with costs to each of the appellants in all the courts.

HISCOCK, Ch. J., CHASE, CUDDEBACK and HOGAN, JJ., concur; McLAUGHLIN, J., not sitting; CRANE, J., absent.

Judgments reversed, etc.