LEO FINKENBERG, INC., Plaintiff, *v.* CROMPTON BUILDING COR-
PORATION et al., Defendants.

Supreme Court, New York Special Term, May, 1922.

Landlord and tenant — assignment of lease without consent of landlord
in violation of covenant — knowledge of plaintiff as to covenant —
cancellation of lease and reletting — suit in equity by assignee against
assignors, landlord and new tenant — dismissal as to landlord — ade-
quate remedy at law against other defendants.

Under a lease expiring February 1, 1920, M. was in possession of the twelfth loft
of a building occupied by merchants in the ladies' garment trade and of a
penthouse on the rear half of the roof.  About a year before the expiration
of the term the landlord offered to renew the lease for five years at a rental of
$10,000 a year, but M. refused to bind himself for more than a three-year
term.   Thereafter the loft and penthouse were leased to S. and H. for five
years beginning at the expiration of M.'s lease, at a yearly rental of $10,000,
but notwithstanding the inhibition in their lease not to assign the same or to
underlet the premises without the written consent of the landlord, S. and H.
by a written assignment made in June, 1919, transferred the lease to plaintiff,
the lessee of the tenth loft, for $10,000, of which $3,500 was paid by plaintiff
to S. and H., together with the amount of the first month's rent.   The attorney
for the landlord on July 25, 1919, notified plaintiff that the landlord intended
to insist upon strict compliance of the provision of the lease forbidding its
assignment without the written consent of the landlord.   On August 19, 1919,
the landlord gave notice to S. and H. of its cancellation of the lease to them
because of their violation of the covenant not to assign it without the landlord's
consent, and at the same time returned to them the check deposited with it
for the first month's rent.   Immediately thereafter the landlord leased the
twelfth loft to M. for five years from February 1, 1920, by a lease recorded on
August 25, 1919.   On October 15, 1919, the penthouse was also leased to M.
for five years by a lease duly recorded, and he is now in possession of both the
loft and the penthouse.   A complaint in equity, besides a prayer for judgment,
requiring the landlord and M. to deliver possession of the twelfth floor and
penthouse to plaintiff, and for an injunction restraining them from interfering
with his possession thereof during the time of the lease to S. and H., asked
for damages against the landlord and M. for withholding the premises, and as
an alternative, in case plaintiff was not entitled to such a judgment, for one
rescinding and canceling the agreement with S. and H. under which he took
an assignment of their lease and for a return of the money he paid therefor.
*Held*, that it being clearly established by the evidence that both the plaintiff
and the defendants S. and H. knew from the outset that they would have to
come to an understanding with the landlord in order to obtain its written
consent to the assignment of the lease to plaintiff, the complaint will be dis-
missed as to the defendant landlord.

The plaintiff and the defendants S. and H. both being willing that the provisions
of the lease in regard to its assignment should be violated, and satisfied to take
the chance of inducing the landlord to overlook such a violation, the complaint
will be dismissed as to the defendants S. and H.

If plaintiff has a good lease he can gain possession of the premises in an action
of ejectment against M.; if S. and H. induced plaintiff to accept the assignment
of the lease upon their promise to obtain the landlord's consent and failed to
fulfill their agreement, plaintiff has a complete remedy at law against them,
and if the landlord leased the premises to M. in disregard of plaintiff's rights
as assignee of the lease to S. and H., he can bring an action for damages against
the landlord, and the motion of M. and the landlord to dismiss the com-

plaint, upon the ground that plaintiff has an adequate remedy at law, will be granted.

While it may be that the landlord and M. have a community of interest in the questions involved, the interest therein of S. and H. had nothing in common with that of the other defendants, and the complaint will be dismissed as to all.

MOTION to dismiss complaint.

*Samuel J. Goldberg* (*I. N. Jacobson*, of counsel), for plaintiff.

*David L. Podell* (*J. J. Podell*, of counsel), for defendants Schulman et al.

*Bernard Fliashnick*, for defendant Crompton Building Corporation.

*Snitkin & Goodman* (*L. A. Snitkin*, of counsel), for defendant Mintz.

DAVIS, J. The defendant Crompton Building Corporation is the owner in fee of the premises No. 31 East Thirty-first street, a building having twelve lofts and a penthouse on the rear half of the roof. The building is occupied by merchants in the ladies' garment trade. The defendant Mintz, a manufacturer of dresses, was the lessee of the twelfth floor and penthouse, under a lease expiring February 1, 1920. The plaintiff Finkenberg is the occupant of the loft on the tenth floor under an assignment of a lease expiring January 1, 1923. About a year before his lease expired, Mintz opened negotiations with the defendant landlord for the renewal of his lease of the twelfth floor and penthouse. The landlord offered him a five-year lease at a rental of $10,000 a year. Mintz refused to bind himself for more than a three-year term. The negotiations with Mintz thus came to an end, and thereafter, in March, 1919, the loft and penthouse then occupied by Mintz were leased to defendants Schulman and Hauptman for five years, beginning at the expiration of Mintz's lease, at a rental of $10,000 a year. By the terms of the lease to Schulman and Hauptman, the latter covenanted " not to assign this lease or underlet the said demised premises without the written consent of the lessor first had and obtained." Then follows a provision for the landlord's re-entry in case of failure to keep the covenants of the lease. Notwithstanding the inhibition against an assignment of the lease without the written consent of the landlord, the defendants Schulman and Hauptman, in June, 1919, by written assignment, transferred the lease to the plaintiff for $10,000, of which amount $3,500 was paid by Finkenberg to Schulman and Hauptman on the execution of the agreement to assign (June third), together with $833.33, the first month's rent. The remaining payments were to be made as follows: $2,000 on February 1, 1920; $2,000 on July 1, 1920,

and $2,500 on February 1, 1921. On July 25, 1919, the attorney of the defendant landlord notified the plaintiff that the landlord intended to insist upon a strict compliance with that provision of the lease forbidding its assignment without the written consent of the landlord. On August 19, 1919, the defendant landlord gave notice to the defendants Schulman and Hauptman of its cancellation of the lease to the latter because of their violation of the covenant against assigning without the landlord's consent. At the same time it returned to Schulman and Hauptman the check deposited with it for the first month's rent. Immediately thereafter the defendant landlord leased the said twelfth floor to the defendant Mintz for a term of five years from February 1, 1920, and the lease was recorded on August 25, 1919. The defendant Mintz is still in possession of the loft in question. On October 15, 1919, the penthouse also was leased to Mintz for five years under a lease which was duly recorded, and he is now in possession thereof under the last-mentioned lease. It is conceded that the landlord did not consent in writing to the assignment of the lease by Schulman and Hauptman to the plaintiff. But it is claimed by the plaintiff and by defendants Schulman and Hauptman that the defendant landlord waived its right to declare a forfeiture of the lease and that by acquiescence in the assignment thereof as made he is estopped from questioning the validity of the assignment. The plaintiff asks for a judgment requiring the defendants landlord and Mintz to deliver possession of the said twelfth floor and penthouse to the plaintiff, and for an injunction restraining the defendants landlord and Mintz from interfering with plaintiff's possession during the term of the lease to Schulman and Hauptman. Plaintiff also asks for damages against these defendants landlord and Mintz for the withholding of the premises. As an alternative, in case he is not entitled to a judgment against the landlord and Mintz, plaintiff asks for a judgment rescinding and canceling his agreement with defendants Schulman and Hauptman, under which he took an assignment of the latter's lease, and for the return of the money he paid therefor. It is clearly established by the evidence that both the plaintiff and defendants Schulman and Hauptman knew from the outset that they would have to come to an understanding and financial arrangement with the defendant landlord in order to obtain its written consent to the assignment of the lease to plaintiff. Notwithstanding, plaintiff took the assignment with the risk of failing to get the necessary consent. He was warned by his attorney against such a course, but rejected this advice with the remark that he would take the chances. Thereafter he made several attempts to induce the landlord to give his consent, but his negotiations

were not successful. In this action he ingeniously urges the incidents of these negotiations with the landlord as a basis of a claim of waiver and estoppel and consent to the assignment on the part of the landlord. In my opinion he has failed to sustain any of these claims and his complaint should be dismissed as to the defendants Crompton Building Corporation and Mintz. Nor do I think that equity can afford him any relief as against the defendants Schulman and Hauptman. Both parties were wagering upon the chances of getting the landlord's written consent to the assignment. Both were willing that the provisions of the lease should be violated and were satisfied to take the chance of inducing the landlord to overlook it. For these reasons the complaint as to defendants Schulman and Hauptman should be dismissed. The defendant Mintz and the Crompton Building Corporation ask that the complaint be dismissed for the reason that plaintiff has an adequate remedy at law. In this contention I think the defendants are right. If plaintiff has a good lease he can gain possession in an action of ejectment against Mintz. If Schulman and Hauptman induced the plaintiff to accept the assignment of the lease upon the promise to obtain the landlord's consent, and failed to fulfill their agreement, plaintiff has a complete remedy at law against them. And if the defendant landlord leased the premises to Mintz in disregard of plaintiff's rights as assignee of the lease to Schulman and Hauptman, he can bring an action at law for damages against the landlord. Plaintiff's answer to these objections is that he has a right to bring the action in equity in order to avoid a multiplicity of suits. A prerequisite to that course is stated in the case of *Warnock Uniform Co.* v. *Garifalos*, 224 N. Y. 522, as follows: " Among the defendants there is neither community of right or interest in the subject-matter of the action, nor community of interest in the questions of law and fact involved in the general controversy. * * * The plaintiff, naturally, desires to avoid vexation, expense, trouble and delay by a consolidation, in effect, of the independent causes of action at law into one cause of action in equity. This it cannot have. * * * " In the present case it may be that the defendant landlord and defendant Mintz have a community of interest in the questions involved, but defendants Schulman and Hauptman's interest therein has nothing in common with that of the other defendants. For these reasons also the complaint should be dismissed as against all of the defendants. Findings passed upon.

Judgment accordingly.