THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLIFTON WARD, Appellant.

County Court, Jefferson County, February 20, 1933.

*T. A. Hendricks*, for the appellant.

*C. R. Wiltse* [*H. B. Donaldson, District Attorney*], for the respondent.

KIMBALL, J. The appellant was arrested on a criminal warrant based upon an information charging him with violation of section 1, Village Ordinance, May 2, 1932, of the village of Alexandria Bay. He was brought before a justice of the peace, informed of his rights and pleaded not guilty. He was tried. The return states: " Defendant found guilty by the court on evidence and fined $20 or 20 days in the Jefferson County jail until fine be paid, not to exceed 20 days. Defendant pays his fine of $20; is hereby discharged."

The proceedings before the justice were entitled, " People of the State of New York against Clifton Ward." The justice's minutes bear the heading, " Justice Court, Town of Alexandria."

Thereafter the appellant filed notice of appeal which was entitled, " Village of Alexandria Bay against Clifton Ward." This notice of appeal was in the form prescribed by the Justice Court Act for the taking of a civil appeal and stated the appeal was from a judgment in favor of the plaintiff against the defendant for the sum of twenty dollars damages and three dollars and forty cents costs. Undertaking on appeal in the form prescribed for civil actions was filed.

Counsel for the respondent demands that the appeal be dismissed on the grounds that the action was not a civil action and that the appellant having failed to take appeal pursuant to the provisions of sections 749 *et seq.* of the Code of Criminal Procedure, this court is without jurisdiction to hear the same. It is conceded that the appeal taken was as from a civil judgment and not as prescribed in the Code of Criminal Procedure, no affidavit having been presented and no allowance by this court granted within thirty days.

The only question, therefore, for determination is whether the appellant is in court properly and this question must depend upon the nature of the proceedings before the justice. If the proceedings were not in the nature of a civil action, then this appeal must be dismissed and this is so, regardless of whether the justice erred in his disposition of the case.

Section 1 of the ordinance in question reads as follows: " Section 1. Be it resolved that the soliciting or running for hotels, boats, lodging houses, garages, camp grounds or ferries, upon the streets, or other public places within the corporate limits of the Village of Alexandria Bay, N. Y. is hereby prohibited and forbidden."

Section 2 of the ordinance provides: " Each and every violation of the above ordinance shall constitute disorderly conduct and the person violating the same shall be a disorderly person and shall be liable to a penalty of One Hundred ($100.00) Dollars for each and

every violation thereof and in case of default in the payment of such penalty, the defendant shall be committed to the County Jail of Jefferson County for a term not exceeding one day for each dollar of the penalty imposed."

This ordinance was adopted under the authority of sections 90 and 93, among others, of the Village Law and under the authority of chapter 225 of the Laws of 1932.

The appellant's contention is that, regardless of the form of the proceedings before the justice, *i. e.*, criminal, the village of Alexandria Bay had only one method of enforcing obedience to the ordinance and that was by a civil action for the penalty imposed, and that having no authority to proceed in any other manner, this civil appeal would lie.

I do not think the authority of the village is so restricted. Apparently, a violation of this ordinance is not a misdemeanor. I find no general or special statute of this State which empowers the village to declare that a violation shall be such. Unless the Legislature itself has made a violation of this ordinance a misdemeanor or has delegated power to the village to do so, it is not a misdemeanor. On the other hand, the proceeding was not an action to recover a penalty. It was, in my opinion, a proceeding of a criminal nature. There are offenses below the grade of misdemeanor which are well recognized in our law.

" Within this category are cases of persons charged with intoxication, vagrancy, with being disorderly persons, etc.; also many cases of violation of municipal ordinances. (Village Law, § 180; Second Class Cities Law, § 183.) These minor offenses * * * have always constituted in our law a class by themselves." (*Matter of Cooley* v. *Wilder*, 234 App. Div. 256, 259.)

" We must keep in mind the distinction between a crime, to wit, a misdemeanor, and those minor offenses dealt with summarily by justices of the peace or magistrates, known as disorderly conduct, breach of the peace, etc." (*People* v. *Grogan*, 260 N. Y. 138.)

In the instant case it can hardly be said that the proceeding was a civil action to recover a penalty under section 339 of the Village Law. That section gives a village the right to bring such an action. It is a civil action although an order of arrest may be made therein and the execution, where defendant has no property, may require imprisonment. The whole form of the proceeding here was criminal. There was an information, a criminal warrant, an arrest, an arraignment, a plea of not guilty, a trial, a conviction and a sentence to pay a fine. Had the action been a civil one to recover a penalty, there would have been a summons, complaint and answer. The form of the proceeding, alone, might be held

to require a review by an appeal under the appropriate sections of the Code of Criminal Procedure. (*People* v. *Garabed*, 20 Misc. 127.) My opinion is, however, that this ordinance may be enforced either by an action at law under section 339 of the Village Law or by a proceeding of a criminal nature and that this action was of the latter kind.

Section 93 of the Village Law gives authority to the board of trustees of a village to ordain that a violation of an ordinance shall constitute disorderly conduct and that the person violating the same shall be a disorderly person. This, by the ordinance adopted, the trustees of the village of Alexandria Bay did.

Section 338 of the Village Law provides for the arrest of a disorderly person, with or without process. This whole section and the words used therein can leave no doubt that the proceeding thereunder is in the nature of a criminal proceeding. It terms the defendant an " offender." It speaks of " conviction " and provides for " commitment " to the county jail. These are not words used in reference to a civil action.

Moreover, section 340 of the Village Law distinctly recognizes two methods of enforcing an ordinance. It is there provided that where *an action is brought to recover a penalty* and it appears that the person committing the violation is a disorderly person, the magistrate may direct that subsequent proceedings in the case be taken as though the person had been arrested without process as a disorderly person, and further that the *action* (*i. e.,* the action to recover the penalty) be discontinued.

In the instant case no action was brought by the village of Alexandria Bay to recover the penalty in a civil action, but a proceeding criminal in its nature was begun by the arrest of the defendant, appellant, under section 338 of the Village Law, for the violation of an ordinance, which violation constituted disorderly conduct. The question now raised for the first time on appeal as to the sufficiency of the information or the warrant by reason of failure to set out the elements of the offense in more detail or the failure to charge the defendant specifically with disorderly conduct, is not before me and does not need to be decided at this time. If no appeal was properly taken, according to the statutes, that question and others cannot be now determined.

There are reported cases which decide whether, under the peculiar facts of each, the action is civil or criminal in its nature. Each of these decisions must be read in the light of the provisions of city charters, general laws and the ordinances in question. I think there can be no doubt that where, as in this case, the ordinance

makes a violation disoiderly conduct and the defendant a disorderly person, in addition to a civil action to recover the penalty, there is the other remedy of arrest, plea, trial, conviction and commitment as in a criminal action. The fact that the offense is not dignified by being made a misdemeanor is not controlling nor important.

In *City of Rome* v. *Foot* (175 App. Div. 459), in which, by the way, it was held that that particular action was a civil action, Judge DE ANGELIS said (at p. 786): " We are also of the opinion that three remedies are provided by the charter for a violation of an ordinance: (1) A criminal action; (2) a civil action begun by a summons, and (3) a civil action begun by a warrant."

Again in *City of Buffalo* v. *Till* (192 App. Div. 99) the question arose under the provisions of the Buffalo City Charter. It was said (Judge DE ANGELIS writing): " An offender now may justly be subject both to a criminal and civil prosecution for the same offense. In such a situation, the pendency of a criminal action would be no bar to the commencement and prosecution of a civil action and *vice versa*. Likewise a judgment and its satisfaction in a criminal action would be no bar to a civil action and *vice versa*." I am not deciding that the above would be true in this case but am citing the decision to show that the courts recognize the right to proceed either criminally or civilly where, as here, the provisions of the Village Law and the ordinance make a violation thereof disorderly conduct. If this were not so, the Legislature did an idle thing in enacting sections 338, 339 and 340 of the Village Law which by their very provisions provide for two separate remedies, one civil and one criminal in nature, and for the consolidation of the civil into the criminal action under certain circumstances, in the discretion of the magistrate.

In *Chapman* v. *Selover* (172 App. Div. 858) the court said: " As the ordinance did not declare its violation to constitute disorderly conduct and as no statute which has been called to our attention gave the defendant as a public officer authority to arrest plaintiff for violating the ordinance in his presence, and as it is conceded that the arrest was not made for any other crime than violation of the village ordinance, we think the arrest cannot be justified."

The Court of Appeals (225 N. Y. 417) reversed the Appellate Division on the ground that the village under the particular statute and ordinance in question had authority to declare a violation to be a misdemeanor. But the Court of Appeals apparently took the position that, had the ordinance declared its violation to be disorderly conduct, then the remedy would not be confined solely

to a civil action for the penalty. It said: " Violation of this ordinance is not disorderly conduct, for the ordinance does not so declare it, and so it is said that the only remedy available is a civil action for the penalty."

This proceeding being criminal in its nature, an appeal would not lie as from a judgment in a civil action under article 19 of the Justice Court Act. The appeal should have been taken pursuant to title 3 of part 5 of the Code of Criminal Procedure. Section 749 in part is as follows: " In counties other than the counties included within the city of New York, a judgment upon conviction, rendered by a court of special sessions, police court, police magistrate, or justice of the peace, in any criminal action or proceedings or special proceeding of a criminal nature * * * may be reviewed by the county court of the county upon an appeal as prescribed by this title and by title eleven of part four, and not otherwise."

Proceedings respecting disorderly persons are criminal in their nature and must be reviewed as provided by the Code of Criminal Procedure. (*People ex rel. Comrs. of Public Charities & Correction* v. *Cullen,* 151 N. Y. 54.)

In that case, which was a proceeding under section 899 of the Code of Criminal Procedure, Judge VANN said: " The practice in criminal actions, criminal proceedings and special proceedings of a criminal nature is now regulated by the Code of Criminal Procedure, and our attention has been called to no other statute now in force, with reference to the subject of appeals or other method of review in such matters. * * * For the rules governing this appeal, therefore, we must look to part five, which prescribes the only method of reviewing the determination of the inferior criminal courts."

I hold, therefore, that the proceeding was criminal in its nature; that the village of Alexandria Bay under the statutes and ordinance in question may enforce obedience by a proceeding of a criminal nature as well as by a civil action for the penalty; that the appeal herein was required to be taken pursuant to the provisions of the Code of Criminal Procedure. The appeal, having been taken as from a judgment in a civil action, must be dismissed.

Ordered accordingly.