Theodore Velson, J.
This is a motion to dismiss an amended complaint in an action by the Incorporated Village of Laurel Hollow, to recover a penalty for violation of its Building Zone Ordinance. Dismissal of the amended pleading is sought on the grounds that no cause of action is stated and that the action is barred by the Statute of Limitations, res judicata, collateral estoppel and election of remedies.
The plaintiff’s action was commenced in March of 1963, and service of an amended complaint was made pursuant to court order on September 18, 1963. The defendant served an answer to the amended pleading on October 28, 1963. This motion followed about a week later, and its hearing has been continuously adjourned.,
None of the objections advanced for dismissal of the amended pleading except the alleged legal insufficiency of the complaint may be considered because of the defendants’ service of an answer. All objections specified in subdivision (a) 3211 CPLR (other than those enumerated in pars. 2, 7 and 10) are waived unless raised either by motion, made before service of the responsive pleading, or inserted as a defense in the answer itself (3211, subd. [e]). In this case, the defendants in their answer interposed the Statute of Limitations, res judicata, collateral estoppel and election of remedies as defenses. As a result, a dismissal on motion based on those grounds is precluded, although such defenses may be asserted on trial. The sole objection which may now be addressed to the complaint by way of motion is that it fails to state a cause of action.
The alleged insufficiency of the amended complaint is predicated on the charge that the village ordinance does not authorize cumulative remedies. A proper consideration of this objection requires a review of the previous litigation between these parties.
On June 16, 1950, the plaintiff village instituted an action to restrain the defendants Laverne, Inc. (formerly Laverne Originals, Inc.) and Erwine and Estelle Laverne from using premises *250 located within the village boundaries for business and commercial uses in violation of the Building Zone Ordinance adopted on December 6, 1947. A permanent injunction was granted after trial. The judgment was modified in part on appeal to the Appellate Division (283 App. Div. 795), and as modified, was affirmed by the Court of Appeals (307 N. Y. 784).
On December 27, 1962, the defendants in the injunction action were adjudged in contempt for willfully violating the terms of the judgment, and were fined $250. On April 19, 1963, the defendants were again held in contempt for violation of the judgment and fined $250, and in addition were assessed $300 for the legal expenses incurred by the plaintiff. On April 6, 1954, the same defendants, as well as the additional defendants named in this action were adjudged guilty in a criminal proceeding brought in the village Court of Special Sessions. During the period that these proceedings took place, the Building Zone Ordinance of the village was amended twice (on Feb. 26, 1954, and again on Aug. 16,1960). The amendments to the ordinance, however, did not change the use of classification of the defendants’ premises. The amendments, insofar as they are applicable here, revised the remedies for enforcement of the ordinance.
The plaintiff’s first cause of action seeks recovery of penalties in the sum of $464,200 or the sum of $100 per day from the date of commencement of the action for an injunction (June 21,1950) to the date of institution of the present action (March 6, 1963). The second cause of action requests recovery of $313,400 or $100 per day from the date of service of a copy of the judgment of affirmance in the Court of Appeals (Aug. 17, 1954) to the date of this action. The third cause seeks $10,300 or $100 per day from November 24, 1962 (presumably the date when the first motion to punish was made) to the date hereof.
Initially, the observation may be made that the plaintiff appears to be demanding recovery of cumulative or overlapping damages. The first cause of action requests a per diem penalty for the period from June, 1950 to March, 1963. The second cause seeks a penalty for part of the same period, viz.: from August, 1954 to March, 1963, and the third cause asks for damages covering part of the period included within the first two causes or from November, 1962 to March, 1963. The original ordinance of 1947 and the amendments thereto in 1954 and 1960, on the other hand, clearly limit the penalties to a sum not exceeding $100 per day. The sufficiency of the pleading, however, is not determined by the ad damnum clause.
Section 808 of the Building Zone Ordinance as adopted on December 6, 1947 provides in part as follows: “ for each and *251 every violation * * * of this ordinance, the owner * * * or any person who knowingly commits * * * any such violation * * * shall be liable on conviction thereof to a fine or penalty not exceeding $100 for each and every offense, and each day * * * after notice of such violation, shall constitute a separate offense punishable by like fine or penalty * * * and in addition thereto such violation shall constitute * * * disorderly conduct.”
The use of the words ‘ ‘ fine or penalty ’ ’ manifestly contemplates the reservation of a twofold method of enforcement. The first by prosecution whereby the offender is fined on conviction, and the other, by action to recover a penalty. Further evidence of this intention is furnished by the closing phraseology stating ‘ ‘ and in addition thereto such violation shall constitute
* * * disorderly conduct.” The maintenance of these separate remedies is authorized by the Village Law (§ 93) which also expressly empowers a village to maintain an action to recover a penalty (§ 339). Since both remedies are permissive, they may be separately enforced where the language of the ordinance so commands. The contention that the ordinance provides only for criminal action against offenders is not meritorious (cf. People v. Ward, 146 Misc. 606) and places an unduly restrictive construction on the language employed.
The provisions of the ordinance as amended in 1954 and 1960 leave little doubt that an action for a penalty may be separately maintained. Subdivision (a) of section 9.2 of the 1954 provisions states that violators shall be guilty of disorderly conduct and subject to a $100 fine on conviction, subdivision (b) provides that any person who fails to abate any violation after notice shall be subject to a civil penalty of $100 for each day said violation continues recoverable by suit brought by the village. Subdivisions (a) and (b) of section 10.2 of the 1960 ordinance contains the identical language for all practical purposes. The omissions from the 1960 ordinance of the phrase included in the prior ordinance of 1954 that “ The remedies provided herein shall be cumulative ” does not indicate a different intent. The language of the prior ordinance was surplusage as the village already possessed the power to separately enforce all remedies available (Village Law, §§ 93, 339). Furthermore, the fines imposed on the defendants in 1962 and 1963 when they were found guilty of contempt is not the imposition of a penalty within the purview of the ordinance which would bar the third cause of action. The complaint must be deemed to state a cause of action, and the motion is denied in all respects.