William T. Cowin, J.
This is a motion by a fourth-party defendant to dismiss a complaint for insufficiency before answer, pursuant to CPLR 3211 (subd. [a], par. 7). The court is disposed to treat it as one for summary judgment under CPLR 3211 (subd. [c]).
CPLR 3211 (subd. [c]) contains an extraordinary power; the power to treat any 3211 motion as one for summary judgment. The effect of the exercise of such a power is to accord the resultant judgment the same res judicata effect that belongs to a judgment rendered after a plenary trial. ‘ ‘ With such an impact, this ‘ treatment ’ is not to be lightly indulged.” (Siegel, Commentary C3211:44 in McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3211.) Though available upon any CPLR 3211 motion regardless of ground, the exercise of the power is discretionary with the court.
As pointed out in Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 4, par. 3211.43) the practice in this State under CPLR 3211 differs from the Federal practice under its subdivision (b) of rule 12 in two respects, in that in New York State “ (1) the court apparently has no discretion to refuse to receive matter outside the pleadings if a party chooses to present it, and (2) the court has discretion as to whether to treat the motion as one for summary judgment.”
*217 Though the CPLR at this writing is more than six years old, there is precious little in the reported case law about the use and implementation of this treat-as-summary-judgment power under CPLR 3211 (subd. [c]). Such a disposition should be made only when the proof before the court is as complete as it is “ on an outright summary judgment motion under CPLR 3212, enabling the court to discern that there are no general factual issues and that judgment is warranted summarily for one side or the other ” (Siegel, McKinney’s Commentary 03211:44, supra).
A motion for summary judgment pursuant to CPLR 3212 cannot be made before issue joined (see 6 Carmody-Wait 2d New York Practice, § 39 :17). Similarly, summary judgment under 3211 prior to joinder is also not permitted (Milk v. Gottschalk, 29 AD 2d 698).
However, the Advisory Committee Report (First Preliminary Report of Advisory Committee on Practice and Procedure, pp. 86-87 [1957]), in a discussion of subdivision (d) of CPLR 3211, states that the power 1 ‘ to make such other order as is just ” contemplates that the court can grant a continuance for disclosure and require 1 ‘ service of an answer # * * and thereafter treat the motion as one for summary judgment.” Accordingly, the fourth-party defendant will be directed to serve an answer to accomplish this purpose.
This court is required to advise the parties that it intends to treat this as a motion for summary judgment “ so that an appropriate record * * * may be made ” (Mareno v. Kibbe, 32 A D 2d 825). This will prevent surprise and cover the contingency that either party, not anticipating such a treatment, has omitted an item of proof which would be relevant to the summary judgment issue.
The Clerk of this court is directed to mail to each of the parties’ attorneys a copy of this opinion. The fourth-party defendant shall, within 20 days after the Clerk’s mailing of this opinion to him, serve an answer responsive to the fourth-party complaint heretofore served. Within 10 days thereafter, each of the parties may serve upon the other and submit to this court by mail with proof of service such additional papers as the party desires. If either of the parties desires to avail himself of disclosure remedies, application for further time will be entertained. Disposition of this motion will be held in abeyance pending receipt of such additional proof.