Joseph Liff, J.
Defendant moves to dismiss the complaint, asserting that the plaintiff may not maintain a class action (CPLR 3211, subd. [a], par. 3) and that the complaint fails to state a cause of action (CPLR 3211, subd. [a], par. 7). The court may treat the application as one for summary judgment and afford the parties an opportunity to submit further evidence to support their respective positions (Mareno v. Kibbe, 32 A D 2d *172 825; Lustig v. Congregation B’Nai Israel of Midwood, 62 Misc 2d 216). We may also order an immediate trial of specified issues (CPLR 3211, subd. [c]).
On this application issues appear which the parties should be given an opportunity to present at a plenary trial on oral testimony, cross-examination, and argument based thereon and on the law.
Summary judgment is not a desirable remedy and it should not be used as a substitute for a trial. It is a drastic measure which should be withheld even where issues are not clearly presented but doubt is present as to whether or not triable issues exist (Millerton Agway Coop. v. Briarcliff Farms, 17 N Y 2d 57; Weiss v. Garfield, 21 A D 2d 156). These statements have been made so often that their repetition hardly seems necessary. Extended arguments presented by affidavit and memorandums of law cannot replace the benefits available from a trial (Poller v. Columbia Broadcasting System, 368 U. S. 464, 473). The affidavits, the memorandums of law and the exhibits submitted suggest areas of inquiry to which the answers are not supplied.
Applying the rules enunciated by the court in Cohn v. Lionel Corp. (21 N Y 2d 559, 562), we find that the plaintiff’s complaint is legally sufficient.
Plaintiff, suing for herself and in a representative capacity for others similarly situated, pursuant to section 414 of the Personal Property Law seeks to recover finance charges imposed by the defendant allegedly in violation of section 413 of that statute. In a second cause of action she alleges that the practice of imposing a finance charge on prior finance charges results in compounding the same and in a further violation of the statute. In a third and final cause she alleges that the defendant’s practices are usurious. She asks for a declaratory judgment that the defendant’s practices violate section 413, for an accounting, money damages, and related relief, and thus effectively states a cause of action (Niagara Falls Power Co. v. White, 292 N. Y. 472). Involved here is the construction of section 413 of the Personal Property Law and the manner of its application by the defendant. That section recites (subd. 3) that a retail installment credit agreement made between a seller and a buyer may provide for a service charge ‘1 on the outstanding indebtedness from month to month ” of 1%% per month up to $500 and 1% of the amount in excess of $500 of the ‘ ‘ outstanding indebtedness ” but not less than 70 cents in any month.
Both sides refer to statements made by persons, newspapers and periodicals either attacking or supporting the validity of *173 the statute. These are novel arguments where the construction of a legislative enactment is involved. Defendant urges that interpretations made by certain officials and administrative agencies and the failure of the Legislature to make changes in the law should control this court in its decision. Annexed to the defendant’s memorandum in support of its application is a letter from the Banking Department of the State dated December 28, 1970. The letter refers to prior correspondence concerning three methods used by creditors interpreting the phrase “ outstanding indebtedness from month to month ” and the request of the defendant’s attorney for an interpretation by the Banking Department regarding “ the opening balance method ”. After this recital of the subject matter to which the reply is addressed, the Deputy Superintendent and Counsel to the department replies: “In view of the absence of specific statutory guidelines as to which method or methods of computation are proper, or a statutory definition of the words ‘ outstanding indebtedness ’, this Department has taken the position that any recognized method which a creditor chooses and applies consistently is proper, including the opening balance method.” So far from approving the position taken by the defendant it would seem that the letter suggests the need for legislative clarification of the statute. The interpretation thus given by the department does not aid the court in the construction of the statute (cf. McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 129). In any event, a letter opinion which would suggest an inconsistent construction could not be binding upon the court (Essenfeld Bros. v. Hostetter, 20 A D 2d 34, 37, revd. on other grounds 14 N Y 2d 47).
The arguments made by the respective parties that some stores have adopted the method employed by the defendant and others have refused to, cancel each other out.
The retail installment credit agreement made between the parties provides that a cardholder (the retail customer) may pay the full amount due for purchases on receipt of the monthly statement; that no finance charge will be incurred should the entire amount be paid within 24 days from the closing date of the monthly statement; describes the outstanding balance as the “previous balance”; and that the charges permitted by the statute will be imposed should the cardholder fail to pay the “previous balance ” within 24 days from the billing date. It may be that in practice the agreement imposes new terms, interpretations and a manner of application of the statute which are in violation of it and these issues should be examined at the trial.
*174 What was the legislative intention in using the expression “ outstanding indebtedness from month to month ”? Webster’s Third New International Dictionary, 1963 edition, defines the word 1 ‘ outstanding ” as 1 ‘ uncollected, unpaid ’ ’. Do the defendant’s practices result in a charge for credit in excess of the rate permitted by statute, as for instance, where the finance charge for 30 days is imposed on the “ previous balance ” without credit for payments made subsequent to the expiration of 24 days and before 30 days have run?
Since the plaintiff states a cause of action she has met one of the preconditions to the maintenance of a class action (Bouton v. Van Buren, 229 N. Y. 17, 22).
The Retail Installment Sales Act was enacted for the benefit of the consumer (Message of the Governor, N. Y. Legis. Annual, 1957, pp. 457-458 and memorandum of Consumer Counsel to the Governor, N. Y. Legis. Annual, 1957, p. 55 et seq.), and an interpretation of the statute which defeats that purpose ought not to be made.
We believe that defendant’s reliance on the decision in Zachary v. R. H. Macy & Co. (66 Misc 2d 974) is to a considerable extent misplaced. In his opinion Mr. Justice Asch found that the plaintiff Zachary was subjected to only one finance charge on a bill outstanding from August 20 to September 19 and that in that instance there were no finance charges imposed on such prior charges and he went on to say that therefore she failed to state a cause of action. Mr. Justice Asch referred to Bouton v. Van Buren (229 N. Y. 17, supra), noting that a class action could not be maintained unless the plaintiff had an individual cause.
Since we are leaving the final decision in this action to the trial court, we note that Hall v. Coburn Corp. of Amer. (26 N Y 2d 396) is not necessarily determinative of plaintiff’s right to maintain a class action. It may be that plaintiff’s situation is more analogous to that of the plaintiff in Kovarsky v. Brooklyn Union Gas Co. (279 N. Y. 304). In this case the construction of a statute is involved which may be applied to plaintiff as well as to many members of her class (cf. Harris v. Wyman, 60 Misc 2d 1076, 1077; Young v. Shuart, 67 Misc 2d 689). Whether or not plaintiff should be permitted to maintain this action in a representative capacity can be another subject of the trial (cf. Zachary v. Chase Manhattan Bank, 52 F. R. D. 532) and the trial court would perhaps follow the decision in Kovarsky v. Brooklyn Union Gas Co. (supra) to the effect that even with a plaintiff entitled to maintain a class action she would not have available *175 to her the remedy of an accounting (Kovarsky v. Brooklyn Union Gas Co., 279 N. Y. 304, 314, supra).
We determine only that the complaint states a cause of action and in that respect the defendant’s motion is denied. That branch of defendant’s motion which seeks a determination that the plaintiff lacks the capacity to maintain a class action is respectfully referred to the trial court.