■ JEANNE VELLA, an Infant, by Her Father PETER VELLA, et al., Appellants, v. JACK DRISCOLL, Respondent.— In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and medical expenses incurred by her father, plaintiffs appeal from a judgment of the Supreme Court, Richmond County, entered March 14, 1973, in defendant's favor, upon the trial court's dismissal of the complaint at the close of the entire case at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were considered. The proof raised questions for the jury as to whether a reasonably prudent person would have permitted the infant plaintiff to place her hand in such a position as to cause her injury, as to whether a reasonably prudent person should have foreseen the consequences of opening the door to the automobile and as to whether the infant plaintiff was not entitled to any recovery because of contributory negligence or assumption of risk (*Kearney* v. *Roman Catholic Church of St. Paul*, 31 A D 2d 541). Hopkins, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ ALICE M. WEINER, on Behalf of Herself and All Other Persons Similarly Situated, Respondent, v. M. FORTUNOFF OF WESTBURY, INC., Doing Business as FORTUNOFF WESTBROOK, FORTUNOFF AND FORTUNOFF, NEW YORK, Appellant.— In this action (styled as a class action) for a judgment *inter alia* declaring that defendant's method of billing its customers, including plaintiff, under retail installment credit agreements is violative of subdivision 3 of section 413 of the Personal Property Law and illegal, defendant appeals from an order of the Supreme Court, Nassau County, dated January 28, 1972, which denied its motion to dismiss the complaint. Order reversed, on the law, with $20 costs and disbursements, and motion granted. In the light of the determination in *Zachary* v. *R. H. Macy & Co.* (31 N Y 2d 443), the complaint should have been dismissed. Moreover, in connection with the untenability as a matter of law of the second cause of action, see *Household Finance Corp.* v. *Goldring* (263 App. Div. 524, 527, affd. 289 N. Y. 574). Hopkins, Acting P. J., Latham, Shapiro, Brennan and Munder, JJ., concur. [69 Misc 2d 171.]

■ . WILLIAM S. WELLEN, Respondent, v. ANTHONY CARBONE, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated October 19, 1973, as, upon reargument, (1) set the case down for trial (thus vacating defendant's default) upon the condition of defendant's submitting an affidavit of merits and paying to plaintiff $100 on account of $500 in costs theretofore provided for in a prior order and (2) deferred the $400 balance to abide the event of the trial. Order modified by increasing the amount of $100 to $250 and deleting the provision directing that the original amount of $500 remain in force and deferring the $400 balance to abide the event. As so modified, order affirmed insofar as appealed from, without costs. We believe that the total penalty imposed was excessive to the extent indicated herein and that it was improper to condition any part of the penalty upon the outcome of the case. Hopkins, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.