Jerald Fiedelholtz, J.
Respondent moves this court for an order dismissing the petition herein or in the alternative staying this proceeding pursuant to CPLR 3211 (subd [a], par 4) and for such other and further relief as to this court seems just and proper.
The issue is whether this court is entitled to order a stay of the proceeding before it, notwithstanding respondent’s waiver of its right to move pursuant to CPLR 3211 (subd [a], par 4).
The proceedings as they appear from the moving papers, opposition papers, and pleadings are as follows:
Cate Enterprises, Inc. ("Cate”), as a plaintiff, commenced an action against Theatre Confections, Inc. ("Theatre”), as defendant in the United States District Court, District of Massachusetts ("the Federal court”), by filing of a complaint with the Federal court. A certified copy of Federal court records attached to Theatre’s instant opposing papers reveals that the complaint was filed on April 22, 1976. Therefore Cate’s Federal court action was commenced on April 22.
Theatre, as a petitioner, commenced the instant proceeding in this court against Cate by service of the petition and notice of petition on April 22 at 8:10 p.m. Both in the Federal court action and the instant proceeding the dominant issues are the construction of the same written agreements between Theatre and Hallmark Releasing Corp., dated October 17, 1975 and between Cate and Hallmark Releasing Corp., dated November 25, 1975.
Cate’s Federal court action against Theatre and Theatre’s proceeding against Cate in this court therefore were commenced on the same date, between the same parties, concerning similar facts.
Theatre entered into certain written agreements with Hallmark Releasing Corp. ("Hallmark”) dated October 17, 1975. *157 The agreements are alleged to provide for Theatre to rent and take occupancy of concession areas at certain movie theaters owned by Hallmark, including two located in the Town of New Windsor, New York, on or about April 1, 1976. The agreements purportedly further provide that Hallmark is not prohibited from transferring its interest in such premises subject to making a good faith effort to procure from a transferee a written agreement recognizing Theatre’s rights to possession of concession areas.
Allegedly on November 25, 1975, Hallmark transferred its rights in said movie theaters to Cate, attempting to procure from Cate a written agreement acknowledging Theatre’s rights. Cate, however, had made an independent business judgment to make other arrangements for operation of the concession areas in question.
Possession of the concession areas was taken on behalf of Cate subsequent to November 25, 1975. Theatre claimed its right to possession of the concession areas as of April 1, 1976 by notice dated April 7.
Thereafter as stated above, the parties commenced their respective actions.
The proceeding in this court by Theatre seeks a warrant of eviction against Cate. The action commenced by Cate in the Federal court seeks a temporary restraining order, a permanent restraining order, a declaratory judgment concerning the contract rights of the respective parties, an award of monetary damage based on tort and contract, and an order directing Theatre to relinquish certain security.
On the same April 22 as the two actions were commenced, Cate apparently moved for a temporary restraining order in the Federal court which was denied by Judge Garrity. (Apparently Honorable Arthur Garrity, Judge of United States District Court.)
On April 29, Cate as respondent in the instant proceeding, interposed its answer to Theatre’s petition including the affirmative defense that there is another action pending between the same parties in the Federal court.
On May 28, Cate as plaintiff, filed a motion with the Federal court for a preliminary injunction.
On June 1, Theatre as defendant, filed a cross motion with the Federal court for a stay of all further proceedings in the Federal court until the disposition of the instant proceeding.
*158 On June 4, Theatre filed opposing papers to Cate’s motion for a preliminary injunction with the Federal court.
Apparently the Federal court has not rendered a decision as of this date concerning the preliminary injunction or stay applications.
On June 4, this court received Cate’s instant motion pursuant to CPLR 3211 (subd [a], par 4) which is made over 30 days after Theatre’s service of the petition with notice upon Cate and after Cate served its answer on Theatre.
Cate has waived its right to move pursuant to CPLR 3211 (subd [a], par 4). According to subdivision (c) of CPLR 3211, such a motion must be made prior to service of the moving, party’s responsive pleading. Even if the responsive pleading includes the appropriate affirmative defense, a CPLR 3211 (subd [a], par 4) motion appears to be waived if made after service of such pleading. (See 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.04; Village of Laurel Hollow v Laverne, Inc., 43 Misc 2d 248.)
However, the waiver, as the above treatise informs^ is narrow, encompassing only certain enumerated grounds set forth in said subdivision (a). A court may still entertain the CPLR 3211 (subd [a], par 4) motion in the face of a waiver by treating the motion as one for summary judgment. (See CPLR 3211, subd [c].) Further it appears to this court that the instant motion may be treated as an application for a stay under CPLR 2201. (See Procter & Gamble Distr. Co. v Lloyd’s Underwriters, 44 Misc 2d 872; Research Corp. v Singer-General Precision, 36 AD2d 987.)
See, also, Siegel, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, C220L4, p 5): "CPLR 2201 is the catchall provision * * * CPLR 2201 is the general provision to which the court may turn when the case seems very much a 'proper’ one for a stay but when no special provision is in point to authorize it.”
See, also, Siegel, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, C3211:20, p 27): "The court’s general stay power comes from CPLR 2201, and may be resorted to without specific request for it on a paragraph 4 application.”
For the reasons stated below, treating the application as one for a stay under CPLR 2201 rather than CPLR 3212 is appropriate here.
A recent amendment to CPLR 3211 (subd [c]) requires a *159 court to give adequate notice to all parties if it intends to treat the CPLR 3211 (subd [a], par 4) motion as one for summary judgment. (Lustig v Congregation B’Nai Israel, 62 Misc 2d 216.) Here adequate notice would be impractical as the instant motion was made within days of the trial. Adequate notice would mean adjourning the trial without determination of this motion.
On the other hand, under CPLR 2201 a disposition of this motion could be made prior to the trial. Further the disposition would either be the granting or denying of a stay rather than the harsher granting or denying judgment under CPLR 3211 (subd [c]) and CPLR 3212.
This court may take advantage of CPLR 2201 as CPLR 101 authorizes application of the Civil Practice Law and Rules by all courts of the State of New York. Further, nothing in the Uniform Justice Court Act is inconsistent with CPLR 101. And as Cate moves also for "such other and further relief as to this court seems just and proper” this court will treat this motion as an application for a stay, notwithstanding Cate’s waiver.
Therefore this court answers the initial issue by ruling that it is entitled to order a stay of the proceeding before it notwithstanding the moving party’s waiver of its right to apply under CPLR 3211 (subd [a], par 4).
Having made this determination, the next issue is whether granting a stay here is appropriate to the circumstances of all the proceedings between the parties.
Clearly justice requires granting a stay. At the same time as the motion is being determined, Judge Garrity is deciding Cate’s motion for a preliminary injunction and Theatre’s own cross motion for a stay in the Federal court. What chaos would result if this court tried the above only to learn that thereafter Judge Garrity granted Cate’s motion enjoining trial before this court. According to Siegel, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, C2201:6, p 5): "a federal court may enjoin state proceedings”.
By granting a stay for 45 days, the court will give all parties the opportunity to receive the Federal court’s decision and determine if either wishes to appeal. Cate’s attorneys are directed to notify this court immediately upon receipt of the Federal court decision. Further Cate is directed to file with this court a surety bond in the sum of $250 for security and *160 costs. (See General Aniline & Film Corp. v Photo-Marker Corp., 28 AD2d 990; UJCA, § 416.)
Accordingly this court, having duly read and filed Cate’s motion papers and Theatre’s opposing papers, and due deliberation having been had, it is
Ordered that respondent’s motion is granted to the extent that proceedings before this court are stayed 45 days on the condition that respondent’s attorneys notify this court immediately upon its receipt of the decision of the United States District Court, District of Massachusetts, on respondent’s motion for preliminary injunction and petitioner’s cross motion for a stay, and on the further condition that respondent file with this court a sürety bond in the sum of $250, and it is further
Ordered that respondent may renew its application when the present stay expires in 45 days.